Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

Attorneys for Putative John Doe

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL HANSMEIER,<br><br>            Movant-Appellant<br><br>       v.<br><br>JOHN DOE,<br><br>            Defendant-Appellee. | No. 13-55859<br><br>On appeal from the United States District Court for the Central District of California, No. 2:12-cv-8333-ODW<br><br>**PUTATIVE JOHN DOE'S RESPONSE TO EMERGENCY MOTION UNDER CIRCUIT RULE 27-3** |

**RESPONSE**

The putative John Doe-appellee ("Doe") in this action, by and through counsel, hereby responds to the Emergency Motion Under Circuit Rule 27-3 filed by movant–appellant Paul Hansmeier ("Hansmeier") on May 16, 2013 (ECF No. 3).

**(a)    Stay of the Award of Compensatory Civil Sanctions**

Assuming one precondition is first satisfied, Doe would not oppose a stay pending appeal on the payment of the monetary portion of the Court's order below. The precondition is that Hansmeier first post a supersedeas bond, sufficient to fully secure payment of the fee award below, plus estimated interest, plus appellate costs per Fed. R. App. Proc. 7, all in an amount and on such conditions as to be determined by the district court. *See* Fed. R. App. Proc. 8(a)(2)(E). Had Hansmeier attempted to confer on the instant emergency motion before filing it, or notified undersigned counsel it was coming, counsel for Doe would have been happy to convey this information to Hansmeier.

The need for a substantial bond to secure payment of costs and fees from Prenda is not an idle request. Prenda Law, Inc. and its associated lawyers are an organization that is rapidly falling apart. They have dismissed the vast majority of their pending court cases across the country—cases which are their sole source of revenue. Meanwhile, as the days go by, they are increasingly being hit with new motions and orders to show cause for sanctions in various courts[1] where they have tried, with mixed success, to escape from the consequences of their actions. Further, the lawyers and the entities involved here are likely the subject of potential criminal investigations, including an IRS investigation, flowing from the court's formal referrals in the sanctions order below. In short, there may not be any solvent persons

---

[1] *E.g., AF Holdings, LLC v. Patel*, N.D. Ga. No. 2:2012-cv-00262, ECF Nos. 16, 30 (motions for sanctions); *AF Holdings, LLC v. Harris,* D. Ariz. No. 2:12-cv-02144-GMS, ECF No. 51, 5/17/13 (Court ordering plaintiff's counsel to show cause as to "why Plaintiff and/or counsel should not be sanctioned pursuant to the Court's inherent power and Fed. R. Civ. P. 11 for filing a fraudulent document with this Court.")

around to collect from for much longer. Further, as will be detailed in briefing on the merits, the lawyers' interests in these cases (as well as their assets, one presumes) are hidden behind a web of Nevis LLC's and mysterious offshore trusts. These are all complicated factual issues, with which the district court is already familiar, which is why the district court should set the amount and terms of the bond.

In short, although Doe does not believe that Hansmeier has very convincing grounds for a stay pending appeal, and that he is not likely to prevail on the merits,[2] Doe would stipulate to a stay of the monetary portion of the order below simply to facilitate eventual collection.

**(b)     Stay of the Award of Compensatory Civil Sanctions**

With respect to the non-monetary aspects of the Court's order below, Doe feels differently. Aside from the monetary award, the remainder of the Court's order below is essentially addressed to protecting the public from the harm being perpetrated by Prenda in its so-called "copyright troll" lawsuits, aspects of which have been found to be fraudulent.

First of all, the bell cannot be un-rung, the horse is already out of the barn, etc. Whatever damage the court's order was going to do to Mr. Hansmeier's reputation is already done. Mr. Hansmeier himself notes the widespread circulation of the court's order below in the media. What good then does a stay do? Further, it is not as if this case burst into the public eye all of a sudden, only when the court issued its order—various news outlets have been scrutinizing Prenda for months.[3] If Mr. Hansmeier successfully chips away at any piece of the court's order below here on appeal, at that time he will certainly be free to update the appropriate Judges,

---

[2] *See F.J. Hanshaw Enters. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1141 (9th Cir. 2001) (affirming district court's award of double attorneys fees as compensatory civil sanction, which is exactly what the district court did here).

[3] *E.g.*, April 9, 2013, *LA Times*, "A federal judge takes on 'copyright trolls'", Hiltzik, Michael, http://articles.latimes.com/2013/apr/09/business/la-fi-hiltzik-20130410; *See also* http://arstechnica.com/search/?query=prenda%20&pagenum=5&sort=relevance&sortdir=desc (collecting Ars Technica's Prenda coverage going back to 2012).

licensing authorities, investigators, and the media with the results of the appeal.  But staying the district court's order now will do precisely nothing with respect to rehabilitating Mr. Hansmeier's reputation in the meantime.

     A United States District Court, after extensive briefing, and two evidentiary hearings, has made a finding that, "there is little doubt that that Steele, Hansmeier, Duffy, Gibbs suffer from a form of moral turpitude unbecoming of an officer of the court."  He and the other principals of Prenda also been found to have engaged in "brazen misconduct and relentless fraud."  Obviously, these are very serious concerns, and the courts and public with whom Hansemeier is transacting business should absolutely be informed and appraised of these findings, even if an appeal is underway.

     Accordingly, Doe respectfully requests that the stay pending appeal be conditionally granted as to the monetary portion of the court's order below, subject to posting of a supersedeas bond in an amount and on such conditions as determined by the district court, and that the stay be denied as to the non-monetary aspects of the court's order below.

Respectfully submitted,
DATED: May 17, 2013                              THE PIETZ LAW FIRM


                                                         */s/ Morgan E. Pietz*

                                                         Morgan E. Pietz
                                                         THE PIETZ LAW FIRM
                                                         Attorney for Putative John Doe