IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| Carolyn Jewel et al.<br><br>    Plaintiffs-Appellants,<br><br>    v.<br><br>National Security Agency et al.<br><br>    Defendants-Appellees. | No. 15-16133 |

**RESPONSE TO MOTION TO EXPEDITE BRIEFING SCHEDULE**

The government takes no position on whether plaintiffs have demonstrated good cause to expedite the merits briefing and argument in this case, thus moving this case ahead of the numerous other pending appeals on this Court's docket. But the government respectfully submits that, even if the Court determines that expedited treatment is warranted, it should first determine whether it has jurisdiction over this appeal, which the government disputes. The Court should therefore defer decision on the motion to expedite until after it considers the government's motion to dismiss this case for lack of jurisdiction, which will be filed by July 17.

**1.** The district court granted plaintiffs' motion for a partial final judgment under Federal Rule of Civil Procedure 54(b). The order on appeal, issued in February 2015, granted partial summary judgment to the government on only a single aspect of a single claim in this case: a purported Fourth Amendment challenge by three of the five plaintiffs to the National Security Agency's "Upstream" collection of Internet content pursuant to Section 702 of the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1881. Numerous related claims and issues—including other aspects of the sole claim that the district court decided—remain pending in district court, seeking not only damages, but also various kinds of injunctive relief, and plaintiffs apparently intend to prosecute the balance of their case in district court in parallel with this appeal.

Certification under Rule 54(b) on the sliver of this case that the district court certified as "final" was inappropriate, and the government intends to move to dismiss this appeal for lack of jurisdiction.

**2.** Under Circuit Rule 27-11(a), the pendency of a dispositive motion automatically stays briefing on the merits in this Court. Consistent with

the general approach in Rule 27-11(a), the Court should decide whether it has jurisdiction over this appeal—potentially mooting plaintiffs' motion to expedite—before it considers briefing on the merits of this appeal, which raises a number of complex questions including: whether plaintiffs have standing to challenge "Upstream" collection; whether those purported activities constitute Fourth Amendment searches or seizures; whether those alleged activities, alternatively, are reasonable under the Fourth Amendment; whether litigation of plaintiffs' claims would, as the district court concluded, require classified information protected by the state-secrets doctrine; and whether the Foreign Intelligence Surveillance Act, 50 U.S.C. § 1806(f), "displaces" the state-secrets privilege in this or any other context, as plaintiffs contend.

 **3.** The government therefore proposes that the Court set a schedule for deciding the government's motion to dismiss, and decide that motion, before considering plaintiff's motion to expedite or ordering expedited briefing and argument on the merits. The government takes no position on whether plaintiffs have demonstrated good cause to expedite the merits

briefing and argument in this case, provided that the government receives the normal briefing time to prepare its responsive brief.

The government proposes the following schedule for its motion to dismiss:

    Government's motion to dismiss: July 17, 2015.

    Plaintiffs' response: July 30, 2015.

    Government's reply: August 10, 2015.

## CONCLUSION

The Court should defer disposition of plaintiffs' motion to expedite until it resolves the threshold question of whether it has jurisdiction over this appeal.

        Respectfully submitted,

        Douglas N. Letter
        (202) 514-3602

        H. Thomas Byron III
        (202) 616-5367

        **/s/ Henry C. Whitaker**
        Henry C. Whitaker
        (202) 514-3180
          Attorneys, Appellate Staff
          Civil Division
          U.S. Department of Justice
          950 Pennsylvania Ave., N.W.
          Room 7256
          Washington, D.C. 20530

JUNE 2015

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

      **/s/ Henry C. Whitaker**
      Henry C. Whitaker