No. 12-56348

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VERONICA OLLIER, *et al.*,
*Plaintiffs and Appellees*,

v.

SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*,
*Defendants and Appellants.*

Appeal from the Judgment of the United States District Court
for the Southern District of California,
Hon. M. James Lorenz
No. 07-cv-0714-L (WMc)

## MOTION TO STRIKE A PORTION OF APPELLANTS' OPENING BRIEF

Elizabeth Kristen,
CA SBN 218227
Robert Borton, CA SBN 53191
Kim Turner, CA SBN 277520
LEGAL AID SOCIETY
EMPLOYMENT LAW
CENTER
180 Montgomery Street,
Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096

Vicky L. Barker,
CA SBN 119520
Cacilia Kim, CA SBN 210414
CALIFORNIA WOMEN'S
LAW CENTER
5670 Wilshire Blvd.,
Suite 460
Los Angeles, CA 90036
Telephone: (323) 951-9642
Facsimile: (323) 951-9870

Joanna S. McCallum,
CA SBN 187093
Erin Witkow,
CA SBN 216994
MANATT, PHELPS &
PHILLIPS, LLP
11355 West Olympic Blvd.
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Appellees*

Plaintiffs hereby move to strike a portion of Appellants' Opening Brief ("AOB"), specifically certain tables and graphs that are not part of the trial record, along with related argument in the brief relying on such tables and graphs. The inclusion by Defendants of such information constitutes an improper and untimely effort to introduce new evidence that is not only outside the record, but that would be inadmissible at any time for lack of foundation. This motion is based upon the following points and authorities and the papers and pleadings on file herein.

## I.    INTRODUCTION AND FACTUAL BACKGROUND

In April 2007, the now-certified class of female athletes ("Appellees" or "Plaintiffs") at Castle Park High School ("CPHS") filed their Complaint alleging Title IX violations at CPHS, part of the Sweetwater Unified School District ("Appellants" or "Defendants"). Dkt. No. 1. In July 2008, Plaintiffs moved for summary adjudication of their claim that Defendants violated Title IX by not providing girls with equal opportunities to participate in athletics. 20 U.S.C. § 1681; Dkt. No. 66. The district court considered the evidence and arguments, and the extensive historical, numerical information and calculations presented by Plaintiffs—and relied upon by Defendants—regarding the number of male and female athletes participating in the CPHS athletic program throughout the relevant years. Dkt. No. 66 (Plaintiffs' Motion); Dkt. No. 75 (Defendants' Opposition); Dkt. No. 78 (Plaintiffs' Reply). In March 2009, the district court granted Plaintiffs

summary adjudication, finding Defendants failed to provide the equal participation opportunities that Title IX guarantees to female athletes.  Dkt. No. 87 at 13-14.

At no point during the extensive briefing on Plaintiffs' summary adjudication motion did Defendants ever offer, introduce, or discuss the several tables and graphs that they now seek to rely on for the first time in this litigation in their opening brief on appeal.  Defendants would now rely for the first time on: **(1) "Table A"** – specifically, the second column re: "% Female Enrollment Participating in Athletics" (AOB 19); **(2) "Table B"** *repeating* the percentages from Table A (AOB 26); **(3) "Graph 1"** – "% of Athletes who are Female" (AOB 24); and **(4) "Graph 2"** – "% Female Participation" (AOB 25) (collectively, "Tables and Graphs").  *See* AOB 19, 24-26.

Defendants have offered no foundation or authority for such Tables and Graphs, never before presented to the district court or disclosed to Plaintiffs.  This new information does not appear anywhere in Defendants' voluminous Excerpts of Record, or in the record below.  Further, without the aid of testimony from a bona fide expert in statistics, or from any witness, counsel for Defendants are offering scatter plot graphs and performing what appear to be their own linear regressions concerning participation numbers, all without any verified credentials to do so, without any controls for errors, and without any indication of statistical soundness.

In addition, Defendants—using this improper evidence—now seek to offer

<u>legal</u> arguments regarding Title IX proportionality, using new measures not raised in the district court.  Such new arguments cannot be introduced for the first time on appeal.  Defendants seek to apply a measure of proportionality never presented to the trial court, thus applying an unrecognized legal standard that the trial court had no opportunity to consider or address when granting summary judgment.  Defendants' attempt on appeal to rely on new evidence is highly prejudicial to Plaintiffs, who have been deprived of any opportunity to challenge or cross-examine these Tables and Graphs.  Given the district court never had the appropriate opportunity to assess this evidence, it should now be stricken.

## II. ARGUMENT

### A. THE TABLES AND GRAPHS INCLUDED IN DEFENDANTS' BRIEF SHOULD BE STRICKEN ALONG WITH RELATED DISCUSSION BECAUSE THE EVIDENCE IS NOT PART OF THE UNDERLYING RECORD.

The Federal Rules of Appellate Procedure are clear that the record on appeal consists of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of the proceedings, if any, and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a).  "Pursuant to FRAP 10(a), the complete record on appeal consists of: . . . (b) the district court clerk's record of original pleadings, exhibits and other papers filed with the district court ('clerk's record')." Ninth Cir. R. 10-2(b).  "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence,

4

the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2).

"[P]apers not filed with the district court or admitted into evidence by that court are not part of the [clerk's] record on appeal." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 594 (9th Cir. 2002) (granting motion to strike improperly included exhibits and portions of the opening brief relying upon such exhibits) (quoting *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir. 1988) (declarations submitted to the Ninth Circuit but never filed or submitted to the district court deemed not part of the record on appeal)). The appellate court conducts its analysis and review based upon "the record before the trial judge when his decision was made." *United States v. Walker*, 601 F.2d 1051, 1055 (9th Cir. 1979).

The appellate court may strike part of a brief, including related documents, where material included on appeal is not part of the record below. *See Gonzalez v. Mason*, 357 Fed. Appx. 835, 836 n.1 (9th Cir. 2009) (granting motion to strike documents submitted on appeal that were not part of the record below); *United States v. $22,740 in U.S. Currency*, 246 F.3d 1212, 1218 (9th Cir. 2001) (striking documents not considered by the district court in ruling on the government's motion for summary judgment); *Vunder v. U.S. Postal Service*, 95 F.3d 1165, at **1-2 (Fed. Cir. 1996) (striking appellant's "arguments and evidence that were not

5

presented" below); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 684, n.1 (9th Cir. 1993) (striking factual assertions not in record); *United States v. Sanchez-Lopez*, 879 F.2d 541, 548 (9th Cir. 1989) (striking survey not filed or admitted to the district court); *Watson v. Rhode Island Ins. Co.*, 196 F.2d 254, 255-56 (5th Cir. 1952) (striking exhibits constituting "appellant's belated effort to bring before the court evidence not offered below").

     Here, Defendants failed to file or present the Tables and Graphs at issue at any time in the proceedings below.  The percentages presented in their Table A (particularly those in the second column), and repeated in Table B, appear nowhere in the record.  Citations in support of Table A (ER-10-1846, 1848) point to pages of Plaintiffs' counsel's declaration in support of the motion for summary judgment presenting tables of the number of females who participated in athletics in comparison to males, relative to overall enrollment.  AOB at 19.  The cited record excerpts *do not* offer the same percentages now used by Defendants.[1]  Contrary to Defendants' statement, the numbers of Table A were *never* "presented by the Plaintiffs and used by the District Court in its initial ruling." *Id.*  No record

---

[1] Defendants' novel presentation of the percentages of female students who were athletes in various years (*e.g.*, 14.4%)—*irrespective of the proportion of females allotted slots in the athletic program as a whole*—is not a measure of Title IX compliance.  *See Roberts v. Colorado State Bd. of Agric.*, 998 F.2d 824, 830 n.7 (10th Cir. 1993) (stating the correct Title IX proportionality standard: "[I]f the enrollment is 52% male and 48% female, then, ideally, about 52% of the participants in the athletic program should be male and 48% female.").

6

citation is offered in support of Table B, the re-presentation of column two of Table A.  *See* AOB at 26.

Defendants provide no citation whatsoever for Graph 1.  *See* AOB 24.  To support Graph 2, Defendants again cite Plaintiffs' counsel's declaration in support of Plaintiffs' summary adjudication motion, including the cover page.  AOB at 25 (citing ER-10-1842, 1848).  Neither cited page presents any graph or analysis that is anything like that offered by Defendants.  AOB at 24; 25.  The more than 3,000 pages of the Excerpts of Record and the Supplemental Excerpts of Record designated by Defendants in this appeal in fact nowhere contain scatter plot graphs such as Graphs 1 and 2.  And no evidence, exhibit, or witness supports the trend lines or equations now utilized by Defendants, such as "$y = 0.0025x + 0.3539$" and "$y = 0.0011x + 0.141$."  AOB 24; 25.  *See generally* Excerpts of Record.  Furthermore, the type of statistical analysis Defendants' attorneys rely upon here for the first time lacks any reference to the standard of error associated with such calculations, or to any foundation addressing the methodology, reliability and soundness of the data or results.

Even more troublesome, this newly created "evidence" is used to introduce an argument, and a new legal standard, never presented to the court below and unsupported by any legal citation.  An appellate court may disregard an argument the trial court had no opportunity to consider or address, when subsequently

7

presented for the first time on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) (rejecting defendant's new argument not presented to the district court during summary judgment proceedings).

Defendants urge the Court to apply a novel and unrecognized measure for analyzing Title IX compliance—the percentage of females participating in athletics among the general population of female students—rather than the well-established proportion of female participants in the school's athletic program relative to their proportion in the school, applied by the district court. *See* Dkt. No. 87 at 5-14 (citing the Office for Civil Rights' Policy Interpretation, 44 Fed. Reg. 71,413 (1979) & *Neal v. Bd. of Trs. of Cal. State Univ.*, 198 F.3d 763, 767 (9th Cir. 1999)). Defendants' new argument references evidence never introduced or discussed before the district court and a so-called "trend line" argument unheard of until now. Such an argument should be struck as one never presented to the court below. Defendants' effort to change both the record and the result is improper. *See supra Cruz*, 673 F.3d at 998; *Barcamerica*, 289 F.3d at 594; *$22,740 in U.S. Currency*, 246 F.3d at 1218; *Kirschner*, 842 F.2d at 1077.

### B. THE TABLES AND GRAPHS ARE NOT A REFRAMING OF EXISTING EVIDENCE.

Any argument by Defendants that this information is simply a reframing of data already available should be rejected. The court in *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, dismissed such an argument, striking new evidence where "none

of the tables and charts in the appendices was a part of the trial court record," over appellant's contention that the information "simply reflect[ed] summaries of the voluminous evidence in the district court record." 776 F.2d 646, 649 n.1 (7th Cir. 1985). The court concluded, "[i]f Ohio-Sealy thought these summaries were so helpful and important, it should have submitted them to the district court" where "defendant could have contested those portions of the tables that it claims are inconsistent with the record, and the district court could have made a factual finding." *Id.*

Likewise, if Defendants here thought the Tables and Graphs were "helpful and important" they could have presented the district court and Plaintiffs with such information at an appropriate time in the proceedings below, not for the first time on appeal. This information was not part of the record and was never previously produced in this litigation prior to its inclusion in Defendants' opening brief. Therefore, the percentages in Table A and Table B (repeating Table A's percentages), and *particularly* Graphs 1 and 2 (improperly attempting to synthesize data with new statistical methods), should be stricken from the record along with any references thereto in the opening brief.

### C. THE TABLES AND GRAPHS ARE PREJUDICIAL TO PLAINTIFFS.

Defendants' attempt to introduce new evidence on appeal is prejudicial to Plaintiffs. As noted, the Graphs appear to be based on some manner of statistical

9

analysis. However, as Plaintiffs are seeing these Graphs for the first time on appeal, they were never able to conduct an examination regarding who prepared them, the source material, or the methodology used in their production. Plaintiffs thus must challenge the credibility of this information, and the Tables, without the benefit of cross-examination. The Tables and Graphs, and any related discussion, should be stricken from the brief. *See* Fed. R. Evid. 403; *see also Raich v. Gonzales*, 500 F.3d 850, 868 ("we may consider a new issue if … the issue presented is a pure question of law and the opposing party will suffer *no prejudice* as a result of the failure to raise the issue in the trial court") (citation omitted) (emphasis added).

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that their Motion to Strike a Portion of Appellants' Opening Brief, including the Tables, Graphs and discussion relying thereon from pages 19 to 26, be granted.


Dated:  May 15, 2013          /s/ Kim Turner_____
                              KIM TURNER


Dated:  May 15, 2013          /s/ Elizabeth Kristen_____
                              ELIZABETH KRISTEN

**PROOF OF SERVICE**

    I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 180 Montgomery Street, Suite 600, San Francisco, California, 94104.

    I hereby certify that I electronically filed the following document (s) with the Clerk of the Court for the United States Court of Appeals for the Ninth District by using the appellate CM/ECF system on May 15, 2013:

**MOTION TO STRIKE A PORTION OF APPELLANTS' OPENING BRIEF**

    I further certify that some of the participants in the case are not registered CM/ECF users. I have Federal-Expressed via overnight service the foregoing documents to:

The Honorable M. James Lorenz
Office of the Clerk
United States District Court –
Southern District of California
333 West Broadway, Suite 420
San Diego, CA  92101

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 15, 2013 at San Francisco, California.

                                           /s/Mary Broughton
                                            Mary Broughton