No. 13-35163

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHMM, LLC,

Plaintiff-Appellant,

v.

FREEMAN MARINE EQUIPMENT, INC.,

Defendant-Appellee.

**MOTION TO STAY THE MANDATE PENDING
FILING OF A PETITION FOR A WRIT OF CERTIORARI**

On Appeal from the United States District Court
for the District of Oregon
Case No. 3:12-cv-01484-ST

| | |
|---|---|
| Jay W. Beattie, OSB No. 871631 | Edward J. Powers |
| jbeattie@lindsayhart.com | EPowers@vanblk.com |
| Lindsay Hart, LLP | VANDEVENTER BLACK LLP |
| 1300 SW Fifth Ave., Suite 3400 | 101 West Main Street, Suite 500 |
| Portland, OR 97201-5640 | Norfolk, Virginia 23510 |
| Telephone: (503) 226-7677 | Telephone: 757.446.8680 |

*Counsel for Defendant-Appellee Freeman Marine Equipment, Inc.*

Appellant Freeman Marine Equipment, Inc. ("Freeman Marine") hereby moves to stay issuance of the mandate in the above-captioned action, pending the filing and disposition of a petition for a writ of certiorari. *See* Fed. R. App. P. 41(b); 9th Cir. R. 41-1. As grounds for this motion, Freeman Marine states as follows:

**1. The Motion is Timely**

This Court's decision was issued June 29, 2015. Freeman Marine timely filed a petition for rehearing and rehearing en banc. Freeman Marine's petition was denied on August 5, 2015. Absent a stay, the Court's mandate must issue on August 12, 2015.

**2. A Stay is Appropriate under the Appellate Rules**

Under Federal Appellate Rule 41(b) and Ninth Circuit Rule 41-1, this Court may stay the mandate upon motion if the moving party intends to file a petition for a writ of certiorari. The standards for issuance of a stay in such circumstances are not exacting. "Ordinarily . . . a party seeking a stay of the mandate following this court's judgment need not demonstrate that exceptional circumstances justify a stay." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528-29 (9th Cir. 1989); *see U.S. v. Pete*, 525 F.3d 844, 850 & n.9 (9th Cir. 2008); *Campbell v. Wood*, 20 F.3d 1050, 1051 (9th Cir. 1994) (en banc). Indeed, it "is often the case" that "the appellate mandate [is] stayed while [a party seeks] certiorari from the Supreme Court." *Pete*,

525 F.3d at 850. A motion to stay the mandate pending a petition for a writ of certiorari "will be denied if the Court determines that the petition for certiorari would be frivolous or filed merely for delay." 9th Cir. R. 41-1; *see* 9th Cir. R. 41-1 Adv. Comm. Note (same). Applying those standards, the court should issue a stay in this case.

  **a. A petition for a writ of certiorari would not be frivolous**.

As more fully set forth in the Petition for Rehearing and Rehearing en Banc ("Freeman Rhrg. Pet."), the court's bright-line rule for determining what constitutes "the product" for purposes of the economic loss doctrine conflicts with the decisions of other courts including the Fifth and Third Circuits. *See* Freeman Rhrg. Pet. at pp. 4-12. The rule also conflicts with the opinion of the United States Supreme Court in *Saratoga Fishing Co. v. J. M. Martinac & Co.*, 520 U.S. 875 (1997) ("*Saratoga Fishing*") and the underpinnings of the economic loss doctrine identified in *East River Steamship Co. v. TransAmerica DeLeval, Inc.*, 476 U.S. 858 (1986). Conflict with decisions of the Supreme Court and other federal circuits is, of course, a fundamental basis for granting certiorari under Supreme Court Rule 10(a). The appeal in this case also presents an import question of maritime law: where an owner acts as its own component supplier or subcontractor in connection with the initial construction of a vessel, are the components supplied by the owner and integrated into the completed vessel prior to delivery considered

"part of the product" for purposes of the economic loss doctrine? The existence of this important question provides another basis for granting certiorari. Supreme Court Rule 10(c).

### b. Freeman Marine is not seeking certiorari merely for delay.

Freeman Marine is not petitioning the Supreme Court for a writ of certiorari merely to delay the trial of this case but is rather seeking the final determination of a legal issue that would limit plaintiff's recoverable damages and significantly narrow the scope of any trial on remand. Indeed, allowing the mandate to issue and remanding this case to the district court could result in an unnecessary trial – or an unnecessarily long trial – in the event that the Supreme Court grants certiorari, reverses this court and reinstates the prior summary judgment.

There is no basis for concluding that the petition is made "merely for delay" and no reason why the court should depart from its common practice of staying its mandate pending petition to the Supreme Court for a writ of certiorari. *Campbell v. Wood*, 20 F.3d at 1051.

/ / /

/ / /

/ / /

/ / /

/ / /

### 3. Conclusion

For the reasons stated above, the court should stay the mandate pending Freeman Marine's petition to the Supreme Court for a writ of certiorari.

Respectfully submitted this 11th day of August, 2015.

        LINDSAY HART, LLP

        By:   s/ Jay W. Beattie
            Jay W. Beattie, OSB No. 871631

            Edward J. Powers
            EPowers@vanblk.com
            VANDEVENTER BLACK LLP
            101 West Main Street, Suite 500
            Norfolk, Virginia 23510

            Attorneys for Defendant-Appellee
            Freeman Marine Equipment, Inc.

## CERTIFICATE OF SERVICE (CM/ECF SYSTEM)

I hereby certify that I electronically filed the foregoing **MOTION TO STAY THE MANDATE PENDING FILING OF A PETITION FOR A WRIT OF CERTIORARI** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 11, 2015.

I certify that all participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

        LINDSAY HART, LLP

        By:   s/ Jay W. Beattie
            Jay W. Beattie, OSB No. 871631
            Attorneys for Defendant-Appellee
            Freeman Marine Equipment, Inc.