No. 11-35534

---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

IVAN HOOKER and KATHERINE HOOKER,
Plaintiffs-Appellees,

v.

NORTHWEST TRUSTEE SERVICES, INC.,
Defendant, and

BANK OF AMERICA, N.A. and MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,
Defendants-Appellants.

---

On Appeal from the United States District Court
For the District of Oregon

---

**EXPEDITED RELIEF REQUESTED**

**MOTION FOR EXPEDITED CERTIFICATION OF QUESTIONS
TO THE OREGON SUPREME COURT
AND SUPPORTING DECLARATIONS
BY APPELLEES IVAN HOOKER and KATHERINE HOOKER**

---

NINA SIMON
CENTER FOR RESPONSIBLE LENDING
910 17th Street, NW, Suite 500
Washington, DC 20006-2610
(202) 349-1879

DAVID KOEN
LESLIE KAY
LEGAL AID SERVICES OF OREGON
921 SW WASHINGTON STREET, SUITE 500
Portland, OR 97205
(503) 224-4086

(Additional Counsel listed on inside cover)

KELLY HARPSTER
Harpster Law, LLC
4800 SW Meadows Road, Suite 300
Lake Oswego, OR 97035
(503) 534-3686

HOPE DEL CARLO
1618 SW First Avenue, Suite 350
Portland, OR 97201
(503) 789-7372

*Counsel for Plaintiffs-Appellees*

Appellees Ivan and Katherine Hooker ask this Court to certify to the Oregon Supreme Court three questions of Oregon law, pursuant to ORS 28.200. As required, these questions are dispositive of the Hookers' claims and have not been decided by the Oregon Supreme Court or the intermediate appellate courts of Oregon. ORS 28.200; *see W. Helicopter Servs. v. Rogerson Aircraft Corp.,* 811 P.2d 627, 630-31 (Or. 1991); *Lombardo v. Warner*, 391 F.3d 1008, 1009-10 (9th Cir. 2004) (*en banc*) (order certifying question to Oregon Supreme Court).[1]

Non-judicial foreclosure in Oregon is governed by the Oregon Trust Deed Act (OTDA), codified at ORS 86.705 through 86.795. Answers to the proposed questions will clarify the statutory prerequisites for non-judicial foreclosure, specifically as applied to form trust deeds involving Mortgage Electronic Registration Systems, Inc. (MERS). As MERS is involved in tens of thousands of residential trust deeds in Oregon (Appellants' Br. at 40-41), these questions are of paramount importance. In particular, this proposed certification addresses the requirement in ORS 86.735(1) that *any* assignments of the trust deed by the beneficiary be recorded in the public land records prior to initiating proceedings to foreclose by power of sale. The Hookers seek expedited certification of questions to the Oregon Supreme Court because non-judicial foreclosures involving MERS

---

[1] Appellants oppose certification. (Patel Decl. at ¶ 2.)

are occurring daily and different interpretations of Oregon law by U.S. District Courts in Oregon have led to disparate outcomes for Oregon homeowners.

**Introduction**

Oregon's non-judicial foreclosure process is governed by statute. OTDA is a "well-coordinated statutory scheme to protect grantors from the unauthorized foreclosure and wrongful sale of property, . . . at the same time providing creditors with a quick and efficient remedy against a defaulting grantor." *Staffordshire Invs., Inc. v. Cal-Western Reconveyance Corp.*, 149 P.3d 150, 157 (Or. Ct. App. 2006). OTDA defines a statutory trust deed and the parties to that trust deed, namely grantor, beneficiary and trustee. ORS 86.705.[2]

OTDA permits streamlined foreclosure, bypassing judicial oversight, subject to four strict preconditions. *See Staffordshire*, 149 P.3d at 157. One of those is that "any assignments of the trust deed by . . . the beneficiary . . . are recorded." ORS 86.735(1). The Oregon trust deeds in which MERS is involved state, *inter alia*, that MERS acts solely as nominee for the lender and lender's successors and assigns, and that MERS is beneficiary of the trust deed. These trust deeds also explicitly incorporate Oregon law. (*See, e.g.,* II-ER-33 ("All rights and obligations

---

[2] Although the Oregon Legislature recently amended the OTDA to provide for greater oversight and protection for homeowners in the non-judicial foreclosure process, including mandatory mediation prior to initiating a foreclosure, the definition of beneficiary in ORS 86.705(2) remains the same. *See* Act of April 11, 2012, Ch. 112, 2012 Or. Sess. Laws, Sec. 5-6.

contained in this Security Instrument are subject to any requirements and limitations of Applicable Law")).  Where Oregon law requires that assignments by the beneficiary be recorded as a precondition to non-judicial foreclosure, the beneficiary is the lender.[3]  Of course, MERS is not a lender and does not hold any interest in the note.

Thus, the question whether MERS can be beneficiary under OTDA is critically important to deciding whether a foreclosure is proper or wrongful.  And the question is ever more relevant because in recent years, trust deeds naming MERS have become the predominant form of trust deed used in home loan transactions.  *See* Michael Powell and Gretchen Morgenson, *MERS? It May Have Swallowed Your Loan*, N.Y. Times, Mar. 5, 2011,  *available at* http://www.nytimes.com/2011/03/06/business/06mers.html?pagewanted=all ("the MERS Corporation[] claims to hold title to roughly half of all the home mortgages in the nation — an astonishing 60 million loans").

Moreover, determining whether non-judicial foreclosure proceedings involving MERS comply with Oregon law continues to challenge both U.S. District Courts in Oregon and Oregon circuit courts.[4]  The lower courts have

---

[3] As used in the trust deed, "lender" is the originating lender on the note and any subsequent owners of the note.

[4] There have been no Oregon Supreme Court or appellate court decisions addressing the questions proposed for certification.  One case is pending in the Oregon Court of Appeals, *Niday v. GMAC Mortgage, LLC*, No. A147430 (Or. Ct.

3

arrived at widely divergent interpretations of law resulting in unequal justice and creating a serious need for controlling precedent and guidance from the Oregon Supreme Court. These differences in opinion have become increasingly problematic as foreclosures continue at a very high rate. *See* House Comm. on Rules, *Staff Measure Summary* on SB 1552 B, 76th Leg. Assem., 2012 Sess. (Or. March 5, 2012), at 2, *available at* www.leg.state.or.us/comm/sms/sms11/ sb1552bhrules03-05-2012.pdf ("[N]ews reports indicate that foreclosures are expected to increase in 2012 . . . . At the close of 2011, Oregon ranked 14th nationwide in the percent of homeowners in foreclosure."); *see also* Ctr. for Resp. Lending, *The Cost of Bad Lending in Oregon* (Aug. 2010), *available at* www.responsiblelending.org/mortgage-lending/tools-resources/factsheets/ oregon.html.

---

App.). However, no decision has yet been issued by that court and it is unclear whether a decision in that case will address the issues proposed for certification. Further, even if the appellate court decision in *Niday* should answer these questions, the Oregon Supreme Court would still have the discretion to "review the request for certification in much the same way we would review a petition for review of the Court of Appeals decision" and to accept the certification. *W. Helicopter Servs.*, 811 P.2d at 631. Here the proposed certification meets the Oregon Supreme Court's standard for discretionary review because it "affects large numbers of persons." *Id.* at 632 n. 5 (quoting ORAP 9.05); Elliot Njus, *MERS foreclosure issue headed to Oregon Supreme Court*, OregonLive.com, Mar. 29, 2012, *available at* http://www.oregonlive.com/front-porch/index.ssf/2012/03/ mers_foreclosure_issue_headed.html ("thousands of pending foreclosures in Oregon").

## I.     Facts and Procedural History

On November 17, 2005, Ivan and Katherine Hooker entered into a mortgage loan with GN Mortgage, LLC (GNM) that was secured by a trust deed for their home.  (*See* Trust Deed (II-ER.23-42) & Note (II-ER.43-47)).  The Hookers' trust deed is a MERS form trust deed that is typical of the majority of trust deeds securing residential loans in Oregon.  The originating lender, GNM is listed as lender on the note and trust deed, and all "covenants" and promises in the trust deed and the note are between the "Borrower" (the Hookers) and "Lender" (GNM).  (II-ER.23-47).  Regional Trustee Services Corporation is listed as trustee on the trust deed.  (II-ER.23).  MERS is listed as the nominal beneficiary of the Hookers' trust deed.  (II-ER.24).

The Hookers' trust deed also contains provisions that are typical of form trust deeds involving MERS in Oregon.  The relevant provisions of the trust deed, *i.e.*, the provisions of the trust deed mentioning MERS, are as follows:

- "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument."  (II-ER.24).

- "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."  (II-ER.25).

5

- "This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note."  (II-ER.25).

- "For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property [property description]."  (II-ER.25).

- "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (law or custom clause) (II-ER.25).

MERS argues that these provisions make it beneficiary of the trust deed and provide it with legal title to the lien allowing it to do anything the lender may do. The Hookers argue that, at best, these provisions make MERS agent for the beneficiary.  The Hookers further argue that these provisions do not confer title to the lien to MERS because the Hookers conveyed title to the lien to the trustee, as required by OTDA.

6

Bank of America (BOA) initiated non-judicial foreclosure proceedings in May 2010 after the Hookers became delinquent on the loan. In connection with the foreclosure, as relevant here, an assignment of the trust deed from MERS to BOA (II-ER.48-49) and a notice of default and election to sell, executed by successor trustee, Northwest Trustee Services, Inc. (II-ER.63-65), were executed and recorded in the land records for Jackson County.

The Hookers filed suit in state court seeking a declaration that the foreclosure was initiated in violation of OTDA and to enjoin the foreclosure because all assignments of the trust deed by the beneficiary had not been recorded prior to initiation of the non-judicial foreclosure.  The case was removed to federal court,[5] and shortly thereafter, the defendants, MERS and BOA, moved to dismiss. (II-ER.101-02).  The district court then directed MERS and BOA to file a "complete history of all assignments of note and trust deed." (II-ER.103).  They responded by filing a document titled "MIN Summary and Milestones" (MIN Summary), which revealed two transfers of the note for which there was no corresponding recorded assignment in the county records.  (II-ER.89-92).

---

[5] A homeowner must file an affirmative lawsuit to enjoin a non-judicial foreclosure as wrongfully initiated under ORS 86.735 (as compared to simply defending a judicial foreclosure in state court) and many of these lawsuits have been removed based on diversity jurisdiction.  As a result, the Oregon Court of Appeals has not yet resolved these questions.

On May 25, 2011, the district court ruled that under OTDA, MERS is not a beneficiary, but is only agent for the beneficiary. (I-ER.6-7, 13). In addition, the court held that under Oregon common law, all transfers of the note created assignments of the trust deed by operation of law. The court concluded that these prior unrecorded assignments by the true beneficiary must be recorded before commencing a non-judicial foreclosure under OTDA. (I-ER.8-10, 16). As a result, the district court denied MERS and BOA's motion to dismiss, entered declaratory judgment on behalf of the Hookers, found that MERS and BOA violated ORS 86.735(1), and dismissed the non-judicial foreclosure proceeding. (II-ER.104). Subsequently, MERS and BOA filed an appeal to this Court.

## II.    This Case Presents Questions of Oregon Law and They Are Dispositive

The ultimate question raised in this appeal is whether MERS and BOA satisfied the prerequisites established by OTDA prior to initiating non-judicial foreclosure of the Hookers' home. Undoubtedly, this Court must interpret a statutory provision of Oregon law, ORS 86.735, in deciding this question.

OTDA permits a trustee to "foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if: (1) The trust deed, *any assignments of the trust deed by* the trustee or *the beneficiary* and any appointment of a successor trustee *are recorded in the mortgage records in the counties* in

which the property described in the deed is situated . . . ." ORS 86.735 (emphasis added).

First, who may be beneficiary under ORS 86.735? As discussed extensively in Appellees' brief, both OTDA and the trust deed require that the beneficiary is the entity entitled to the benefit of the loan secured by the trust deed. *See* Appellees' Br. at 9-20. MERS, on the other hand, argues that its label of "beneficiary . . . solely as nominee" in the trust deed is sufficient to meet the definition. *See* Appellants' Br. at 25-33

Second, under the statute, what are assignments of the trust deed that must be recorded? Under longstanding Oregon common law, an assignment of the lien securing a note occurs automatically upon transfer of the note, without a writing. Thus, the Hookers argue that Oregon common law and the requirement in ORS 86.735(1) that *any* assignment of the trust deed be recorded prior to initiating non-judicial foreclosure together lead to the conclusion that Appellants failed to record all assignments of the trust deed. *See* Appellees' Br. at 42-44; *James v. ReconTrust Co.*, -- F. Supp. 2d. --, 11-cv-324-SI, 2012 WL 653871, at *2 (D. Or. Feb. 29, 2012); *Bamberger v. Geiser*, 33 P. 609, 610 (Or. 1893). MERS and BOA disagree.

A third related question addresses MERS's law or custom clause. MERS claims that it is the holder of record and legal title to the lien as agent for the lender

under the trust deed. MERS claims that this is a "benefit" to MERS sufficient to meet the statutory requirement, in part because this title authorizes MERS to take all necessary actions for the lender, including collecting payments and foreclosing. The Hookers assert that MERS's claim that it holds legal title conflicts with the trust deed. The trust deed provides that the Hookers irrevocably convey legal title to the lien to the trustee, not to the lender or to MERS as agent for the lender. (II-ER.25). This presents the question, what legal interest was conveyed to and held by the trustee under the trust deed and OTDA, and what legal interest, if any, was conveyed to MERS as agent for the lender.

The certified questions proposed below encompass the issues addressed in the district court's decision in this case and in ORS 86.735(1). Together they are dispositive of the Hookers' claims and of the claims of many other homeowners with MERS trust deeds who have challenged their non-judicial foreclosures.

**III. Questions proposed for certification**

1. May an entity such as MERS, that is neither a lender nor successor to a lender, and that holds no interest in the note secured by the trust deed be a "beneficiary" as that term is used in ORS 86.735(1)?

2. Does any transfer of a promissory note result in an automatic assignment of the securing trust deed that must later be recorded prior

10

to the commencement of non-judicial foreclosure proceedings under
ORS 86.735(1)?

3. MERS claims it holds record and legal title to the lien under the trust
deed.  MERS asserts this is a "benefit" that also authorizes MERS to
take all necessary actions for the Lender, including collecting
payments and foreclosing.  Appellants' Reply Br. at 12.  OTDA
separates the interests held by the beneficiary and trustee.  OTDA
makes the trustee holder of record and legal title to the lien, and the
beneficiary holder of the beneficial interest in the trust deed.  ORS
86.705(2), (7)-(8).  Where the borrower has conveyed legal title to the
lien to the trustee, is there any legal interest remaining to be conveyed
to MERS or any other entity?

## IV.    Expedited Briefing and Certification to the Oregon Supreme Court

Appellees urge that this Court expedite the process of certification of
questions to the Oregon Supreme Court in this case for the following reasons.
First, the Chief Judge of the District Court of Oregon has certified related
questions to the Oregon Supreme Court on April 2, 2012.  *Brandrup v. ReconTrust
Co.*, 11-cv-1390-HZ, Doc. No. 20 (D. Or. Apr. 2, 2012) (certification order);
*Powell v. ReconTrust Co.*, 11-cv-01399-HZ, Doc. No. 17 (D. Or. Apr. 2, 2012)
(certification order); *Mayo v. ReconTrust Co.*, 11-cv-1533–SI, Doc. No. 23 (D. Or.

11

Apr. 2, 2012) (certification order); *Mirarabshahi v. ReconTrust Co.*, 12-cv-10-HA, Doc. No. 22 (D. Or. Apr. 2, 2012) (certification order) (district court certification). The Oregon Supreme Court has not yet decided whether it will accept the questions certified by the district court.[6] The instant case presents a more appropriate vehicle for certification. It is more developed than the district court cases in which the current certification order is pending. *See W. Helicopter Servs.*, 811 P. 2d at 633. And where any controversy remains after the Oregon Supreme Court has answered the certified questions, that controversy can be resolved by this Court.

As argued in Appellees' brief, the district court decision in the instant case presents succinctly the relevant facts that frame the legal issues underlying the certification questions. It clearly identifies two note transfers for which no assignments of the trust deed were recorded. (I-ER.3,13). The instant case also more squarely presents the pertinent legal questions because it does not involve securitized loans. *See* (I-ER.2-3). The certified district court cases are at a very preliminary stage with no dispositive rulings on the facts. Importantly, they do not clearly present the dispositive fact of unrecorded assignments of trust deeds. The questions presented herein will likely result in more clear guidance on the law

---

[6] The Oregon Supreme Court has assigned a case number: S060281, to the district court certification.

governing MERS's role in non-judicial foreclosure in Oregon.[7]  Accordingly, the

Hookers seek certification to the Oregon Supreme Court in this case on a

consolidated basis with the district court's certification.

Second, the Oregon Supreme Court's consideration of these questions is

critical to resolving a conflict that has divided the U.S. District Court for Oregon in

interpreting the requirements of ORS 86.735(1) in the absence of controlling

Oregon law.  *See e.g., Dye v. BAC Home Loans Servicing, LP*, 11-cv-911-HZ,

---

[7] The certified questions are:

> 1.  May an entity such as MERS, that is neither a lender nor successor to a lender, be a "beneficiary" as that term is used in the Oregon Trust Deed Act?
>
> 2.  May MERS be designated as beneficiary under the Oregon Trust Deed Act where the trust deed provides that MERS "holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests"?

Appellees believe that the district court's questions 1 and 2 are subsumed in Appellees' proposed certified question 1.

> 3.  Does the transfer of a promissory note from the lender to a successor result in an automatic assignment of the securing trust deed that must be recorded prior to the commencement of nonjudicial foreclosure proceedings under ORS 86.735(1)?

Question 3 is similar to Appellees' proposed question 2.

> 4.  Does the Oregon Trust Deed Act allow MERS to retain and transfer legal title to a trust deed as nominee for the lender, after the note secured by the trust deed is transferred from the lender to a successor or series of successors?

As explained, Appellees believe that question 4 is based on the faulty premise that MERS holds legal title to the lien.  Appellees' question 3 focuses on this faulty premise.

13

2012 WL 1340220, at *2-4 (D. Or. Apr. 17, 2012); *Hinshaw v. BAC Home Loans Servicing LP*, 10-cv-1468-JO, 2012 WL 407026, at *5 (D. Or. Feb. 7, 2012) (Whether MERS is a proper beneficiary is an "issue [] on which the judges of this court have yet to reach consensus").  This conflict affects the many foreclosure cases now pending in the U.S. District Court in which district court judges have made and continue to make diametrically opposing rulings in the absence of controlling state precedent.  *See, e.g.*, (I-ER.6-9); *Petrashishin v. BAC Home Loans Servicing,* 11-cv-1105-HO, 2012 WL 1278046, at *2 (D. Or. Apr. 13, 2012) ("assignment of the note is assignment of a beneficial interest in the deed. The statute requires recordation of that transfer upon foreclosure."); *Thompson v. Bank of N.Y. Mellon*, 12-cv-66-MO, 2012 WL 1253203, at *5 (D. Or. Apr. 12, 2012) ("I respectfully decline to adopt the analysis in *James* and re-affirm my holding in *Beyer*); *James*, 2012 WL 653871, at *12-13, 16; *Reeves v. ReconTrust Co.*, -- F. Supp. 2d --, 11-cv-1278-BR, 2012 WL 652681, at *7-10 (D. Or. Feb. 28, 2012); *Hinshaw v. BAC Home Loans Servicing LP*, 10-cv-1468-JO, 2012 WL 407026, at *6 (D. Or. Feb. 7, 2012) (denying summary judgment to lender based in part on "valid questions concerning the role of MERS in nonjudicial foreclosures").

Resolution of these questions affects the many pending foreclosure cases

that have not been stayed pending the Chief Judge's certification.[8]  In the absence

of such a stay and given the sharply divided rulings of the district court, many

homeowners could lose their homes to foreclosure in the absence of expedited

treatment, depending on which district court judge they draw.  The ongoing

foreclosure crisis requires these questions be addressed sooner rather than later.[9]

Third, other cases have been appealed to this Court that present the issues

proposed to be certified.  *See Horsewood v. LSI Title Co. of Or., LLC*, 12-35094

(9th Cir. filed Feb. 2, 2012) (*pro se*); *Barker v. GMAC Mortgage LLC*, 11-35841

(9th Cir. filed Oct. 11, 2011) (*pro se*); *Beyer v. Bank of Am., N.A.*, 11-35728 (9th

Cir. filed Aug. 29, 2011) (*pro se*).  Given the divided district court, it is likely that

---

[8] Of the four cases in which the questions were certified, two were stayed, *Powell v. ReconTrust Co.*, 11-cv-1399-HZ, Doc. No. 18 (D. Or. filed Nov. 18, 2011); *Brandrup v. ReconTrust Co.*, 11-cv-1390-HZ, Doc. No. 21 (D. Or. filed Nov. 17, 2011).  In another case, the parties have been ordered to confer regarding their positions on the court issuing a stay pending certification.  *Mirarabshahi v. ReconTrust Co.*, 12-cv-10-HA, Doc. No. 21 (D. Or. filed Jan. 4, 2012).  Other cases will not be stayed pending certification.  *See, e.g., Stolz v. OneWest Bank*, 11-cv-762-HU, 2012 WL 1093712, at *3 n. 2 (D. Or. Mar. 30, 2012) ("The judges . . . have decided not to stay pending cases addressing MERS issues in the meantime").

[9] "The foreclosure crisis is less than halfway over."  Debbie Bocian *et al.*, *Lost Ground: Disparities in Mortgage Lending and Foreclosures*, Ctr. for Resp. Lending & Ctr. for Comm. Capital at Univ. of N.C. Chapel Hill, at 14 (November 2011), available at http://www.responsiblelending.org/ mortgage-lending/research-analysis/lost-ground-2011.html.  6.4 percent of borrowers who received loans between 2004 and 2008 had already lost their homes to foreclosure by February 2011.  An additional 8.3 percent are "still at serious risk of losing their homes."  *Id.*

15

a steady stream of cases will continue to be appealed to this Court until either the Oregon Supreme Court or this Court has ruled. Moreover, unlike the instant case, in many cases on appeal the homeowners are *pro se*. These unrepresented parties are less able to present this Court with a thorough and cogent briefing of the issues.

Finally, this Court should consider the views of the Oregon Department of Justice, an *amicus curiae* in the instant appeal, that supports the motion for certification of questions in this case on an expedited basis, and plaintiffs in the district court cases involving the certified questions who also support certification in this case. (*See* Simon Decl. at ¶¶ 2-3.)

**Conclusion**

The many district court decisions cited by both parties in their appellate briefs, as well as the district court's certification, make clear that the answers to these questions are dispositive and that there is no controlling Oregon Supreme Court or appellate precedent that resolves these divisive issues. Therefore, Appellees respectfully request this Court consider this motion on an expedited basis and also certify the proposed questions to the Oregon Supreme Court on an expedited basis.

Dated this 7th day of May, 2012.

*/s/ Nina F. Simon*
Nina F. Simon, DC No. 256396
CENTER FOR RESPONSIBLE LENDING

16

Hope A. Del Carlo, OSB No. 002410

David Koen, OSB No. 080941
Leslie Kay, OSB No. 840591
LEGAL AID SERVICES OF OREGON

Kelly Harpster, OSB No. 063475
HARPSTER LAW, LLC

Attorneys for Plaintiffs-Appellees

DECLARATION OF KARUNA B. PATEL

I, Karuna B. Patel, do hereby declare as follows:

1. I am Litigation Counsel at the Center for Responsible Lending, which is lead counsel of record for Appellees. I submit this declaration in support of Appellees' Motion for Expedited Certification of Questions to the Oregon Supreme Court. Except as otherwise stated, the matters set forth herein are based upon my personal knowledge, and I could and would testify competently thereto if called upon to do so.

2. Consistent with Section 5 of the Circuit Advisory Committee Note to Rule 27-1 of the Circuit Rules, I contacted counsel for Appellants regarding Appellants' position on Appellees' Motion for Certification. Appellants oppose the Motion.


I declare under penalty of perjury that the foregoing is true and correct. Executed at Washington, DC on May 4, 2012.

*/s/ Karuna B. Patel*
Karuna B. Patel, DC No. 1000370

## DECLARATION OF NINA F. SIMON

I, Nina F. Simon, do hereby declare as follows:

1.  I am Director of Litigation at the Center for Responsible Lending, which is
    lead counsel of record for Appellees. I submit this declaration in support of
    Appellees' Motion for Expedited Certification of Questions to the Oregon
    Supreme Court. Except as otherwise stated, the matters set forth herein are
    based upon my personal knowledge, and I could and would testify
    competently thereto if called upon to do so.

2.  On May 2, 2012, I conferred with Rolf Moan of the Oregon Department of
    Justice, who confirmed that the State of Oregon supports Appellees' request
    for certification.

3.  On May 3, 2012, I conferred with Jeff Myers with Bowles Fernandez Law
    LLC. Mr. Myers and the Bowles Fernandez firm are counsel for plaintiffs in
    *Brandrup v. ReconTrust Co.*, 11-cv-1390, *Powell v. ReconTrust Co.*, 11-cv-
    1399, *Mayo v. ReconTrust Co.*, 11-cv-1533, and *Mirarabshahi v.*
    *ReconTrust Co.*, the four cases in which Chief Judge Aiken has certified
    related questions to the Oregon Supreme Court. Mr. Myers confirmed that

plaintiffs in the above-captioned cases support Appellees' request for

certification on a consolidated basis.


I declare under penalty of perjury that the foregoing is true and correct.

Executed at Washington, DC on May 7, 2012.


*/s/ Nina F. Simon*

Nina F. Simon, DC No. 256396

## <u>CERIFICATE OF COMPLIANCE</u>

1.  This motion complies with the page limitation of Fed. R. App. P. 27(d)(2) because this brief totals 17 pages.

2.  This motion complies with the requirements of Fed. R. App. P. 27(d)(1) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point, Times New Roman font.

Dated: May 7, 2012

*/s/ Nina F. Simon*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Motion for Expedited Certification of Questions to the Oregon Supreme Court with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 7, 2012 in accordance with Circuit Rule 25-5. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I certify that one of the participants in the case is not a registered CM/ECF user and that I have mailed the foregoing by First-Class Mail, postage prepaid, to the following non-CM/ECF participant:

> John M. Thomas
> Routh Crabtree Olson, PC
> 621 SW Alder St., Suite 800
> Portland, OR 97205
> *Attorney for Northwest Trustee Services, Inc.*

Dated: May 7, 2012

 */s/ Nina F. Simon*
