

3770 Highland Avenue, Suite #206
Manhattan Beach, California 90266-3279
Telephone: (310) 424-5557
Facsimile: (310) 414-9334
www.pietzlawfirm.com

August 8, 2014

*VIA ELECTRONIC CASE FILING ("ECF") AND U.S. MAIL*

Molly C. Dwyer
Clerk of Court
Ninth Circuit Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** <u>*Ingenuity 13, LLC v. John Doe*</u>,
**Lead Appeal No.:** 13-55859,
**Consolidated With:** 13-55880, 13-55881, 13-55882,
13-55883, 13-55884, 13-56028.

**Second Citation of Supplemental Authorities**

To the Court:

Pursuant to Fed. R. App. P. 28(j), appellee John Doe hereby advises the Court of supplemental authorities supporting his arguments in these consolidated appeals.

In an opinion that begins with a reference to the "first rule of holes,"[1] the U.S. Court of Appeals for the Seventh Circuit has completely affirmed sanctions against the appellants here. <u>*Lightspeed Media Corp. v. Smith*</u>, CA7 Appeal Nos. 13-3801 and 14-1682 (July 31, 2014). John Steele, Paul Hansmeier, and Paul Duffy argued there that they were supposedly only minimally involved in any sanctionable conduct. The Seventh Circuit held that it was not an abuse of discretion for the district court to disbelieve them on this point and to find that they were all "in cahoots." <u>*Id*</u>. at *19. The same people made the same argument here, but failed to cite any of the relevant parts of the record that support the district court's conclusion that they were clandestinely orchestrating the case below and that it was therefore appropriate to sanction each of them individually. *See* Rev'd. Answering Br., Dkt. No. 36, at pp. 13, 49, 51. Also notable is the Seventh

---

[1] Which is, of course, to stop digging.

Letter to the Clerk of Court
Second Citation of Supplemental Authorities
August 8, 2014

Circuit's approval of the award to defendants of attorneys' fees for the entire case (*Lightspeed*, *supra*, at *15–17), which is an issue here too (*see* Rev'd. Answering Br., Dkt. No. 36, at pp. 52–55).

Separately, in *Klinger v. Conan Doyle Estate, Ltd.*, CA7 Appeal No. 14-1128 (August 4, 2014), the Seventh Circuit awarded attorneys' fees on appeal and stressed the importance of deterring copyright owners from "play[ing] [an] extortionate game." *Id*. at * 5. The Seventh Circuit suggested that people who successfully fight back against such a scheme "deserve a reward" beyond merely "breaking even" with attorney's fee awards. *Id*. at * 6. Here, the need to deter extortionate copyright schemes is a central argument of Doe's on appeal and this reasoning supports affirming the upwards adjustment of fees made by the district court in this case. *See* Rev'd. Opening Br., Dkt. No. 36, at pp. 57–70.

Respectfully submitted,


Morgan E. Pietz
THE PIETZ LAW FIRM
mpietz@pietzlawfirm.com

*Attorney for Appellee John Doe*


Enclosure(s):  *Lightspeed Media Corp. v. Smith*, __ F.3d __ (7th Cir. 2014)
Appeal Nos. 13-3801 and 14-1682 (Decided July 31, 2014)

*Klinger v. Conan Doyle Estate, Ltd.*, __ F.3d __ (7th Cir. 2014)
Appeal No. 14-1128 (Decided August 4, 2014)

Both cases available on Seventh Circuit website using this link:
http://media.ca7.uscourts.gov/opinion.html

cc(s):    Service on all parties through their counsel registered for ECF.