No. 11-35534
_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
_____

IVAN HOOKER and KATHERINE HOOKER,
Plaintiffs-Appellees,

v.

NORTHWEST TRUSTEE SERVICES, INC.
Defendant-Appellant,

and

BANK OF AMERICA, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendants-Appellants.
_____

**APPELLANTS' RESPONSE TO APPELLEES' JULY 26, 2012 LETTER;**

**and**

**APPELLANTS' MOTION TO STAY APPEAL OR, ALTERNATIVELY, FOR PERMISSION TO FILE SUPPLEMENTAL BRIEF ON *NIDAY***
_____

| | |
|---|---|
| Nina Simon<br>Joanne Werdel<br>Karuna Patel<br>CENTER FOR RESPONSIBLE LENDING<br>1901 17th Street, NW, Suite 500<br>Washington D.C. 20006-2610<br>202-349-1879<br>*Counsel for Plaintiff-Appellees*<br><br>Additional Counsel on Inside Cover | Robert J. Pratte<br>Brent R. Lindahl<br>FULBRIGHT & JAWORSKI L.L.P.<br>80 South 8th Street, Suite 2100<br>Minneapolis, MN 55402-2112<br>612-321-2244<br>rpratte@fulbright.com<br>blindahl@fulbright.com<br>*Counsel for Defendants-Appellants*<br><br>Additional Counsel on Inside Cover |

| | |
|---|---|
| David Keon<br>Leslie Kay<br>LEGAL AID SERVICES OF OREGON<br>921 SW Washington Street, Suite 500<br>Portland, OR 97205<br>503-224-4086<br><br>Kelly Harpster<br>HARPSTER LAW, LLC<br>4800 SW Meadows Road, Suite 300<br>Lake Osewego, OR 97305<br>503-534-3686<br><br>Hope Del Carlo<br>1618 SW First Avenue, Suite 350<br>Portland, OR 97201<br>503-789-7372<br>*Additional Counsel for Plaintiffs-Appellees* | Pilar C. French<br>LANE POWELL PC<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 97204-3158<br>503-778-2100<br>frenchp@lanepowell.com<br>*Additional Counsel for Defendants-Appellants* |

## **INTRODUCTION**

This Court should deny Appellees' "continue[d]" request that this Court certify to the Oregon Supreme Court questions relating to the ability of Appellant Mortgage Electronic Registration Systems, Inc. ("MERS") to serve as a trust deed beneficiary under Oregon law. The Oregon Supreme Court already has before it four other cases involving these questions. These four cases likely will soon become five given the recent incongruous and puzzling decision by the Oregon Court of Appeals in *Niday*. Given the pendency of these other cases, adding Appellees' proposed certified questions is unnecessary, and would needlessly complicate the proceedings before the Oregon Supreme Court, making those proceedings less efficient and more costly for all parties.

The instant appeal, moreover, presents unique procedural issues, not present in the other cases, that still might require disposition by this Court even after a decision by the Oregon Supreme Court in the other cases. Rather than certifying questions in this appeal to the Oregon Supreme Court, this Court should stay this appeal pending the decision by the Oregon Supreme Court in the four (or five) other cases. If, instead, the Court determines to move forward with oral argument and decision on this appeal, then Appellants request permission to file a supplemental brief on the impact of the Oregon Court of Appeals' *Niday* decision.

## BACKGROUND

On April 2, 2012, the United States District Court for the District of Oregon certified to the Oregon Supreme Court four questions relating to the proper interpretation of the Oregon Trust Deeds Act (OTDA) and MERS' ability to serve as beneficiary under the OTDA. On May 7, 2012, before the Oregon Supreme Court had decided whether to accept review of the certified questions in those four cases, Appellees moved this Court to certify to the Oregon Supreme Court three differently worded questions relating to similar issues. (ECF Dkt. #43.) By their motion, Appellees sought to have their proposed certified questions heard by the Oregon Supreme Court at the same time as the certified questions in the four federal district court cases.

On May 25, 2012, Appellants filed an opposition to Appellees' motion to certify. (ECF Dkt. #45.)

By Order dated May 29, 2012, Appellees' motion to certify was "referred to the panel that will hear the merits of the appeal for such consideration the panel deems appropriate." (ECF Dkt. #46.) The Court's Order instructed that "[w]ithin 7 days after the Oregon Supreme Court's ruling on whether to accept the questions certified by the district court on April 2, 2012, appellees shall notify this court in writing of the ruling." (*Id.*)

2

On July 19, 2012, the Oregon Supreme Court accepted review of the certified questions in the four federal district court cases. (ECF Dkt. #48-1.)

By letter dated July 26, 2012, Appellees advised this Court that the Oregon Supreme Court had accepted review of the certified questions in the four federal district court cases. (ECF Dkt. #48-2.)

## ARGUMENT

### I. THE HOOKERS' "CONTINUED" MOTION TO CERTIFY SHOULD BE DENIED

Appellees' July 26, 2012 letter was not limited to advising the Court that the Oregon Supreme Court accepted review of the certified questions in the four federal district court cases. In their letter, Appellees took the opportunity to "continue to urge this Court to both certify the questions presented in Appellees' Motion for Certification of May 7, 2012, and request that the Oregon Supreme Court consider the certified questions on a consolidated basis with the questions certified by the Oregon [federal] district court." (ECF Dkt. #48-2.) Contrary to the Appellees' suggestion, the Oregon Supreme Court's acceptance of review of the certified questions in the four federal district court cases does not support granting Appellees' motion to certify. Rather, this Court, exercising its sound discretion, still should deny Appellees' motion to certify. *See In re McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) (stating that whether to certify issues to a state supreme court "rests within the sound discretion of this [C]ourt") (citing *Lehman Bros. v. Schein*,

3

416 U.S. 386, 391 (1974)); *accord Micomonaco v. State of Wash.*, 45 F.3d 316, 321 (9th Cir. 1995).

Certifying the questions proposed by Appellees to the Oregon Supreme Court will not add anything except more paper, parties, and lawyers to the docket, rendering the process less efficient, more time consuming, and increasing the costs for all involved. The Oregon Supreme Court issued its order accepting review of the certified questions in the four federal district court cases just one day after Oregon's intermediate appellate court issued its anomalous decision in *Niday v. GMAC Mortgage, LLC et al.*, Appeal No. A147430 (Or. Ct. App. July 18, 2012). In *Niday*, the Oregon Court of Appeals reversed summary judgment in favor the defendants, concluding MERS was not a proper beneficiary under the OTDA. MERS is preparing a petition for immediate review to the Oregon Supreme Court. *Niday* is contrary to the large preponderance of decisions from Oregon's district courts, as well as contrary to the large majority of United States District Courts in the District of Oregon. It is also contrary to the decisions of most appellate courts around the country considering similar state laws. These facts, in light of the Oregon Supreme Court's consideration (and the timing of its grant of review) of the certified questions in the four cases, makes it likely that MERS' petition for review in *Niday* will be seriously considered by the Oregon Supreme Court, and most likely granted. In these circumstances, there is no need to add Appellees'

4

proposed certified questions to the four—and likely soon to be five—cases already pending before the Oregon Supreme Court.

This is particularly true given that the instant appeal raises unique procedural issues, not present in the four federal district court cases or *Niday*. If the decision below is not otherwise reversed, this Court still will need to decide whether the district court improperly converted Appellants' Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment ***against*** Appellants, and then improperly weighed the evidence in entering judgment ***against*** Appellants, all without providing the required notice or an opportunity to be heard. (*See* ECF Dkt. #11, at p. 46.) The Oregon Supreme Court will not (and indeed cannot) decide any such procedural issue. This alone requires denial of Appellees' motion to certify. *See In re McLinn*, 744 F.2d 677, 682 (9th Cir. 1984) (denying certification where state supreme court resolution of legal issue would not be outcome determinative given existence of factual issues).

For these reasons, Appellees' motion to certify to the Oregon Supreme Court should be denied.[1]

---

[1] If this Court were to grant the Appellees' motion, the Court should not certify the questions as worded by the Appellees. The Appellees' characterization of the issues is neither accurate nor fairly stated, but instead contains improper argument and assumptions that suggest the outcome Appellees want the court to reach.

## II. THIS CASE SHOULD BE STAYED PENDING THE DECISION BY THE OREGON SUPREME COURT IN THE OTHER CASES

That there is no need to add *this* case to those pending before the Oregon Supreme Court does not, of course, change the fact that the highest court in the state of Oregon ultimately will interpret the OTDA. In these circumstances, this Court should stay further proceedings in this matter, pending a ruling by the Oregon Supreme Court.[2] Consistent with most authority, including decisions issued by both state and federal district courts in Oregon, along with most courts around the country considering similar state laws, it seems likely the Oregon Supreme Court will conclude MERS is a proper trust deed beneficiary and/or that transfers of promissory notes do not require a recording of corresponding trust deed assignment as a prerequisite to non-judicial foreclosure, under the ODTA, bedrock contract or agency principles, or other Oregon law. In that event, this Court may summarily reverse the decision below and remand to the district court. On the other hand, if the Oregon Supreme Court reaches an opposite conclusion, and/or leaves open other bases for reversal of the district court below, this Court may lift the stay and proceed at that time with oral argument and disposition of the

---

[2] Such a stay admittedly would cause prejudice to Appellants. Appellees have been in default on their loan for years, and continue to use the property secured by the deed of trust at issue in this case without paying any money either in rent, repayment, or towards a bond. Nevertheless, Appellants believe the current circumstances warrant proceeding with caution, and respectfully suggest a stay is the better course of action.

6

procedural dispute also at issue in this case, as well as other arguments in support of reversal.

### III. ALTERNATIVELY, APPELLANTS SHOULD BE PERMITTED TO SUBMIT A SUPPLEMENTAL BRIEF ON THE IMPACT OF THE OREGON COURT OF APPEALS' DECISION IN *NIDAY*

In the event this Court determines to move forward with oral argument and disposition of this appeal, Appellants request permission to submit a supplemental brief, prior to oral argument, on the impact of the Oregon Court of Appeals' recent decision in *Niday*. Such briefing would include the limited persuasive precedential effect of *Niday* on this Court, as well as whether there are issues left open and/or not addressed by *Niday* that still require reversal in this case.

### CONCLUSION

For the reasons stated herein, Appellees' motion to certify questions to the Oregon Supreme Court should be denied. Instead, this appeal should be stayed pending a decision by the Oregon Supreme Court in the other cases before it. If the Court decides to move forward with this appeal, Appellants request permission to file a supplemental brief on *Niday*.

                                        By: s/Robert J. Pratte
Robert J. Pratte
Brent R. Lindahl
Fulbright & Jaworski
80 South 8th Street, Suite 2100
Minneapolis, MN 55402-2112
612-321-2244
rpratte@fulbright.com

7

blindahl@fulbright.com

Pilar C. French
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
503-778-2100
frenchp@lanepowell.com

*Counsel for Defendants-Appellants*

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 7, 2012. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

                                                     s/Robert J. Pratte