# No. 14-15781

IN THE

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

**CHINATOWN NEIGHBORHOOD ASSOCIATION** AND
**ASIAN AMERICANS FOR POLITICAL ADVANCEMENT**

*Plaintiffs—Appellants*

*v.*

**KAMALA D. HARRIS** AND **CHARLTON H. BONHAM**

*Defendants—Appellees*

**HUMANE SOCIETY OF THE UNITED STATES,** ET AL.

*Intervenor—Defendants—Appellees*

---

APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
WILLIAM HORSLEY ORRICK III, DISTRICT JUDGE • CASE NO. 3:12-CV-03759-WHO

---

## DECLARATION OF MICHAEL TENENBAUM REGARDING PLAINTIFFS-APPELLANTS' PETITION FOR PANEL REHEARING

---

MICHAEL TENENBAUM, ESQ.
**THE OFFICE OF MICHAEL TENENBAUM, ESQ.**
1431 OCEAN AVENUE, SUITE 400
SANTA MONICA, CALIFORNIA 90401-2136
TEL (310) 919-3194 • FAX (310) 919-3727
MT@POST.HARVARD.EDU

COUNSEL FOR PLAINTIFFS—APPELLANTS
**CHINATOWN NEIGHBORHOOD ASSOCIATION** AND
**ASIAN AMERICANS FOR POLITICAL ADVANCEMENT**

I, Michael Tenenbaum, declare as follows:

1. I am a lawyer duly licensed in the State of California. I represent Plaintiffs-Appellants Chinatown Neighborhood Association and Asian Americans for Political Advancement (collectively, "Chinatown") in this appeal and have been counsel of record since shortly before oral argument earlier this year. I have personal knowledge of the facts set forth in this Declaration and could competently testify to such facts if called upon to do so.

2. I filed a petition for panel rehearing on behalf of Chinatown last night. I make this declaration to humbly clarify an error that led to an innocent misstatement of the condition of the record which forms the basis of Chinatown's petition for panel rehearing.

3. I was not counsel in the district court in this action. Rather, Chinatown was represented in the district court by Joseph Breall and Jill Diamond of Breall & Breall, LLP. Mr. Breall continues to represent Chinatown on appeal, and Ms. Diamond represented Chinatown on appeal until she recently took maternity leave.

4. I was also not counsel for Chinatown in connection with preparing either the opening or reply briefs on appeal or the excerpts of record. (Mr. Breall and Ms. Diamond prepared these.) I was first

retained only to present oral argument on appeal, and I was only recently retained to file a petition for en banc rehearing.

5. In the course of reviewing the panel's opinion in preparation of the petition for en banc rehearing, I noticed the majority's quotation of an exchange between the district court and trial counsel at the hearing on the motion to dismiss on March 19, 2014, at which the latter was reportedly asked whether "you've got the complaint where you want it." (Op. at 15.) I did not recall ever seeing such an exchange in the record, so I undertook a comprehensive search of the record to locate that quoted exchange. (At the time I was retained to present oral argument on appeal, I received an electronic copy of the record from trial counsel in the form of PDFs of all of the briefs and excerpts of record.)

6. Here is what I did with the documents in the record that had been provided to me in electronic format by trial counsel: I carefully read each page of the motion to dismiss hearing transcript that was included in Chinatown's excerpts of record, but I did not find that quoted exchange on any page. (App. Dkt. 7.) I then did an electronic search of that hearing transcript in Chinatown's excerpts of record for any of the key words in that quoted exchange to confirm that it did not

Page 2

exist in the record. Throughout the time I was preparing the petition for panel rehearing, I must have read and electronically searched these excerpts of record again at least half a dozen times, but I did not ever find that quoted exchange anywhere in them.

7. Beyond this, to ensure that I was not missing any part of the record that might have been supplemented by opposing counsel on behalf of Defendants-Appellees, I also electronically searched *their* supplemental excerpts of records for any of the key words in that quoted exchange. (App. Dkt. 15.) I did this electronic search of Defendants-Appellees' excerpts of record at least three or four times, but I did not ever find that quoted exchange anywhere in them.

8. Beyond this, to check if perhaps the source of the quote was something in the answering briefs of either Defendants-Appellees or the Intervenor-Defendants-Appellees, I also electronically searched both answering briefs for any of the key words in that quoted exchange, but I did not find that exchange anywhere in them. I note that Defendants-Appellees did not invariably cite to the pages from the hearing transcript that they had attached in their own supplemental excerpts of record but also cited to Chinatown's excerpts of record. Indeed, for their statement in the "Relevant Background" section of their brief

concerning the dismissal of this action with prejudice, Defendants-Appellees did not even cite — let alone quote from — the quoted exchange that the panel cited in its opinion. (App. Dkt. 15-1 at p. 11.)

9. Beyond this, in the event that the quoted exchange had been cited by an opposing amicus, I also electronically searched the brief of amicus Natural Resources Defense Council in support of Defendants-Appellees for any of the key words in that quoted exchange but did not find that exchange anywhere in it. (App. Dkt. 22.)

10. Unbeknownst to me, however, Chinatown's excerpts of record did not include *all* of the pages of the hearing transcript. Had I prepared the excerpts of record myself, it would have been my ordinary practice to include the entire hearing transcript (especially since it was only 28 pages). Because Chinatown's excerpts of record did not include the actual page containing the quoted exchange cited by the majority (i.e., page 15 of the hearing transcript), I could not have found it there. (I also did not notice a gap in the transcript page numbers because the pages of the excerpts of record themselves were sequentially numbered with "ER" numbers that did not include any gap.)

11. Also unbeknownst to me was that the hearing transcript that Defendants-Appellees had included in *their* supplemental excerpts

Page 4

of record was *not* text-searchable. This is particularly surprising since literally every other page of Defendants-Appellees' 141-page supplemental excerpts of record *is* text-searchable. (And, since the transcript was downloaded from the district court's website, as evidenced by its CM/ECF header, I had no reason to believe that it would not be text-searchable, since the local rules and the CM/ECF User Guide require text-searchable source documents to be uploaded as text-searchable documents.)

12. Furthermore, to cross-check my review of the record, as I started to prepare the petition for panel rehearing I asked trial counsel, Mr. Breall, whether he had "any idea" where the panel came up with the quoted exchange. Mr. Breall responded that he, as well as a former paralegal and new associate, had "reviewed the record" but that they could not find that exchange either.[1]

13. I also sent a draft of the petition for panel rehearing to Mr. Breall to review prior to filing it (i.e., earlier last night), but, presumably because the motion to dismiss hearing had taken place well over a year ago, Mr. Breall did not recall the quoted exchange.

---

[1] I did not ask Ms. Diamond if she had any idea where the quoted exchange could have come from since she had left Mr. Breall's firm, by coincidence, on the day that the panel's opinion was issued.

Page 5

14. After timely filing the petition for rehearing on the night of August 10, 2015 (i.e., last night), I was kept awake by the mystery of how the panel's opinion could have quoted an exchange that, as far as any of us could tell, was not anywhere to be found in the record. Out of sheer curiosity, I checked the online docket of the *district* court and was able to download the original hearing transcript directly from that website. (I would have had no reason to do that earlier since I had electronic copies of both Chinatown's excerpts of record and Defendants-Appellees' supplemental excerpts of record as filed in this Court, which constituted the entire record on which the panel could have based its opinion.)

15. When I opened the downloaded transcript from the district court's website, I was initially surprised to see that it was text-searchable. With a mix of confidence and trepidation, I immediately electronically searched the transcript and, to my chagrin, located the quoted exchange. Although it was already well past midnight when I discovered this, I have worked continuously through the night since locating the quoted exchange to prepare this declaration for the Court in order to ensure that the Court receives it no later than anyone would start to review the petition for panel rehearing in the morning.

16. I wish to apologize to the Court for any inconvenience that the filing of the petition for panel rehearing may cause or have caused, especially insofar as the petition incorrectly states that the majority opinion quotes an exchange that "never took place" or a colloquy that is "nowhere to be found in the record." Obviously, I would have never made such a misstatement if I had not been led to believe from my review of the record — despite my multiple searches of the relevant documents in the state in which I describe them above — that the quoted exchange was missing from the record. I will telephone the clerk's office in the morning to call its attention to this situation so that whoever may review the petition for panel rehearing will read this declaration first.[2]

17. Finally, the fact that the quoted exchange highlighted by Chinatown in the petition for panel rehearing was actually part of the record is naturally not only embarrassing to me but also undercuts much of the force of the petition for rehearing. Yet, even discounting for Chinatown's regrettable attribution of error to the majority opinion, the

---

[2] It is a credit to the Court and its staff that, even without a text-searchable transcript or citation from Defendants-Appellees, the Court was able to find the quoted exchange and include it in the panel's opinion.

Page 7

Court may nevertheless wish to consider the petition for rehearing for the several other salient points it raises about whether Chinatown should be permitted to amend its complaint. For example, it remains the case that, despite the district court's general inquiry about whether the complaint was "where you want it" (Op. at 15), trial counsel was never asked more particularly whether Chinatown could amend its preemption or dormant Commerce Clause claims. (Trial counsel also limiting his concession "particularly" with respect to the claim under the Equal Protection Clause.) Also, trial counsel later qualified his earlier position as to the complaint in general when he said, "It's our best effort ***to date***, Your Honor," i.e., without foreclosing the possibility that Chinatown could bolster the complaint if given leave to amend. (ER 38.) And, trial counsel's reminder to the district court — "I do believe the standard is that the Court has to find beyond doubt that the plaintiff cannot, prove no set of facts to support its claim" (ER 38) — certainly preserved the argument in support of this Circuit's liberal standard for granting leave to amend, which Chinatown emphasizes on pages 9 through 11 of the petition for panel rehearing.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Page 8

Executed August 11, 2015         s/ Michael Tenenbaum

                                 _____

                                 MICHAEL TENENBAUM, ESQ.

9th Circuit Case Number(s) | 14-15781

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Aug 11, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Michael Tenenbaum

*********************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)