NO. 16-15469

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NARUTO, by and through his Next Friend,
*Plaintiffs-Appellant*,

v.

DAVID J. SLATER, *et al.*,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California, No. 3:15-cv-04324-WHO

**MOTION OF THE COMPETITIVE ENTERPRISE INSTITUTE FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* OUT OF TIME**

Pursuant to Federal Rules of Appellate Procedure 29(a)(3) and 29(a)(6), the Competitive Enterprise Institute ("CEI") respectfully requests leave to file the accompanying *amicus* brief out of time. CEI opposes the parties' joint motion, filed September 11, 2017 ("Joint Motion", Dkt. 52), to vacate the district court's well-reasoned order. Absent extraordinary circumstances, this Court "is powerless to vacate a district court's findings of fact or conclusions of law that arose from the case, even if a settlement is 'crafted' in such a way as to provide for it." *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1176 (9th Cir. 2005) (Beezer, J., concurring).

Pursuant to Ninth Circuit Rule 29-3, CEI states that it attempted to obtain parties' consent to this filing by sending inquiries to counsel of record for each party by email. Defendant Blurb, Inc., has responded that they take no position on CEI's filing. David J. Slater, and Wildlife Personalities, Ltd. and the People for the Ethical Treatment of Animals ("PETA") have not consented as of this filing.

**Introduction**

PETA filed an absurd copyright infringement complaint purportedly on behalf of Naruto, an Indonesian monkey and the sole plaintiff in this case. ER19-31. The district court sensibly dismissed Naruto's complaint because the Copyright Act does not suggest any plain intent to extend the legal concept of authorship beyond humanity. ER12-18. Having lost before the district court, and after receiving a skeptical reception at oral argument, PETA sought to "buy an eraser for the public record" by settling its appeal with Defendants and requiring vacatur of the unfavorable order below. *Cf. Ayotte v. Am. Econ. Ins. Co.*, 578 Fed. Appx. 657, 658-59 (9th Cir. 2014). Pursuant to their settlement, PETA and the Defendants moved unopposed for vacatur of the district court's decision. *Id.*

*Amicus* CEI seeks to file a short *amicus* brief explaining that controlling authority does not permit settling parties to vacate the district court's order by stipulation. If the parties seek vacatur, they must establish entitlement to relief under Rule 60(b) before the district court. While this brief is filed after the Rule 29 deadline, the issue of vacatur did not arise until the motion was filed September 11, 2017, and CEI acted with alacrity

in filing this brief September 13, 2017 once it learned there was no party in the case opposing vacatur.

## Interest of the *Amicus Curiae*

Founded in 1984, Competitive Enterprise Institute (CEI) is a public interest organization dedicated to protecting market innovation, limited government, and individual liberty. Attorneys at CEI, which is independent of the parties to this action, study and litigate subjects relevant to this case, such as frivolous litigation and private parties' attempts to effectively regulate commerce through imposing litigation expense. *E.g., In re Subway Footlong Sandwich Marketing Litig.*, -- F.3d --, 2017 WL 3666635 (7th Cir. Aug. 25, 2017) (Sykes, J.); *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016). To this end, CEI regularly files *amicus curiae* briefs in cases like this one, which raise issues of concern for law-abiding people and entities.

While PETA successfully convinced the Defendants to settle, CEI hopes to preserve the district court order against Naruto. This order should stand to caution PETA and other groups against using the Copyright Act as an ideological weapon to generate publicity and impose legal costs on innocent copyright holders.

Pursuant to Federal Rule of Appellate Procedure 29(c)(5), CEI affirms that no counsel for any party authored this brief in whole or in part and that no person other than the *amicus* their members, or their counsel has made any monetary contributions intended to fund the preparation or submission of the attached brief.

**Argument**

CEI's participation in this appeal is desirable and will benefit the Court. *Amicus* represents that the accompanying brief is submitted in good faith to ensure that the important legal issues regarding vacatur are thoughtfully presented for the Court's consideration. Without participation by an *amicus*, the Court would lack adversarial briefing for a motion where the parties have agreed to vacate the district court's sensible decision and submitted an *ex parte* brief in support of that motion. CEI submits that *amicus* briefing is most useful in cases such as this, where no party exists to defend the district court's order. *Cf. Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 104 (1993) (Scalia, J., concurring) ("[W]hen faced with a complete lack of adversariness" it is common practice for federal courts to "appoint[] an amicus to argue the unrepresented side." (listing Supreme Court cases)).

The matters asserted in the proposed brief are directly relevant to the disposition of the case by this Court. Because the parties have settled, only one question remains: whether the panel should remand with instructions to vacate the order subject of this appeal. CEI's proposed brief addresses this topic succinctly: the answer is "no."

CEI is aware that the time ordinarily allotted for filing *amicus* briefs in this case has long since passed. In this instance, however, amicus could not have earlier know that the parties would stipulate to vacate the district court's decision. Prior to Monday, September 11, when the Joint Motion was filed, *amicus* CEI reasonably believed that the defendants-appellees would champion the district court's order against the plaintiff Naruto, a monkey, and PETA. *Amicus* CEI could not have known to intervene before

4

then. Since learning of the Joint Motion on September 12, counsel for *amicus* have worked diligently to prepare and submit the accompanying brief for the Court's consideration in resolving the parties' motion, filing less than 24 hours after learning of the issue. *Amicus* further submits that accepting the proposed amicus brief for filing will not unduly delay the ultimate disposition of this matter, which has already been settled and simply requires some form of dismissal by the panel. Nor will the brief unfairly prejudice any party because Federal Rule of Appellate Procedure 29(a)(6) provides for the opposing party (here, PETA) to be afforded an opportunity to respond if the Court accepts CEI's short proposed brief out of time.

## Conclusion

The Court should grant leave to file the accompanying *amicus* brief and should direct the Clerk to accept the proposed brief for filing.

> */s/ Theodore H. Frank*
> Theodore H. Frank
> COMPETITIVE ENTERPRISE INSTITUTE
> 1310 L Street NW, 7th Floor
> Washington, D.C. 20005
> (202) 331-2263
>
> *Attorneys for* Amicus Curiae
> *Competitive Enterprise Institute*

## Certificate of Service

    I hereby certify that on September 13, 2017, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

                                            */s/ Theodore H. Frank*
                                            Theodore H. Frank