NO. 16-15469

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

NARUTO, by and through his Next Friend,
*Plaintiff-Appellant*,

v.

DAVID J. SLATER, *et al.*,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California, No. 3:15-cv-04324-WHO

Proposed Brief of *Amicus Curiae* Competitive Enterprise Institute
in Opposition to Vacatur or, in the Alternative, in Support of Affirmance

Theodore H. Frank
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, D.C. 20005
(202) 331-2263

*Attorney for* Amicus Curiae
*Competitive Enterprise Institute*

## Rule 26.1 Corporate Disclosure Statement

The Competitive Enterprise Institute ("CEI") an IRS 501(c)(3) non-profit corporation incorporated under the laws of Washington, D.C. with its principal place of business in Washington, D.C. It does not issue stock and is neither owned by nor is the owner of any other corporate entity, in part or in whole. The corporation is operated by a volunteer Board of Directors.

Dated: September 13, 2017      /s/ *Theodore H. Frank*
                               Theodore H. Frank


# Table of Contents

Rule 26.1 Corporate Disclosure Statement ........................................................... i

Table of Contents ................................................................................................. ii

Table of Authorities ............................................................................................ iii

Interest of the *Amicus Curiae* ............................................................................... 1

Argument .............................................................................................................. 2

    A.    Contrary's to PETA's assertions in the Joint Motion, PETA settled on behalf of Naruto, and such settlement does not justify vacatur. ............... 4

    B.    Alternatively, if defendant-appellants settled only with PETA, the controversy between Naruto and defendants remains live, and this Court should enter its opinion on the matter. ....................................................... 8

    C.    A post-oral argument Rule 42 motion does not deprive this Court of the power to issue an opinion. .............................................................................. 9

Conclusion .......................................................................................................... 10

Certificate of Compliance with Circuit Rule 32-1 ............................................. 11

Proof of Service ................................................................................................. 12

## Table of Authorities

Cases

*Americana Art China Co. v. Foxfire Printing*,
    743 F. 3d 243 (7th Cir. 2014) ................................................................. 9

*Ayotte v. Am. Econ. Ins. Co.*,
    578 Fed. Appx. 657 (9th Cir. 2014) ........................................................ 7

*Crawford v. Loving*,
    84 F.R.D. 80 (E.D. Va. 1979) ................................................................. 8

*DHX, Inc. v. Allianz AGF MAT, Ltd.*,
    425 F.3d 1169 (9th Cir. 2005) ............................................................ 2, 7

*Massie ex rel. Kroll v. Woodford*,
    244 F.3d 1192 (9th Cir. 2001) ................................................................ 4

*Matter of Memorial Hosp. of Iowa County, Inc.*,
    862 F.2d 1299 (7th Cir. 1988) ...................................................... 3, 7, 10

*Morgan v. Potter*,
    157 U.S. 195 (1895) ............................................................................ 5, 6

*NASD Dispute ADR, Inc. v. Jud. Council of State of Cal.*,
    488 F.3d 1065, 1069 (9th Cir. 2007) ...................................................... 7

*Safeco Ins. Co. of Am. v. Am. Intern. Grp., Inc.*,
    710 F.3d 754 (7th Cir. 2013) .................................................................. 9

*In re Subway Footlong Sandwich Marketing Litig.*,
    -- F.3d --, 2017 WL 3666635 (7th Cir. Aug. 25, 2017) ......................... 1

*T.W. by Enk v. Brophy*,
    124 F.3d 893 (7th Cir. 1997) .................................................................. 6

*U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*,
    513 U.S. 18 (1994) ......................................................................... 2, 5, 7

*In re Walgreen Co. Stockholder Litig.*,
    832 F.3d 718 (7th Cir. 2016) .................................................................. 1

*Whitmore v. Arkansas*,
　　495 U.S. 149 (1990) ............................................................................................... 6


Rules and Statutes

Fed. R. App. P. 29(a)(3) ............................................................................................. 1

Fed. R. App. P. 29(a)(4)(E) ........................................................................................ 1

Fed. R. App. P. 29(a)(6) ............................................................................................. 1

Fed. R. App. P. 42(b) ........................................................................................ 4, 9-10

Fed. R. Civ. P. 17 .................................................................................................... 6, 8

Fed. R. Civ. P. 41(a)(1)(i) ........................................................................................... 8

Fed. R. Civ. P. 60(b) .................................................................................................. 5

## Interest of the *Amicus Curiae*

Founded in 1984, Competitive Enterprise Institute (CEI) is a public interest organization dedicated to protecting market innovation, limited government, and individual liberty. Attorneys at CEI, which is independent of the parties to this action, study and litigate subjects relevant to this case, such as frivolous litigation and private parties' attempts to effectively regulate commerce through imposing litigation expense. *E.g., In re Subway Footlong Sandwich Marketing Litig.*, -- F.3d --, 2017 WL 3666635 (7th Cir. Aug. 25, 2017) (Sykes, J.); *In re Walgreen Co. Stockholder Litig.*, 832 F.3d 718 (7th Cir. 2016); Erin L. Sheley and Theodore H. Frank, *Prospective Injunctive Relief and Class Settlements*, 39 HARV. J. L. & PUB. POL. 769 (2016). To this end, CEI regularly files *amicus curiae* briefs in cases that raise issues of concern for people engaged in lawful commerce, like the defendants in this matter.

While the People for the Ethical Treatment of Animals ("PETA") has successfully enticed the defendants to settle, CEI hopes to preserve the district court order finding that authorship under the Copyright Act is available only to humanity. This order should remain to deter PETA and other groups from using the Copyright Act as an ideological weapon to generate publicity and impose legal costs on innocent copyright holders.

CEI files this *Amicus* brief to oppose the vacatur request in the parties' Joint Motion to Dismiss Appeal and Vacate the Judgment ("Joint Motion") or, in the alternative, in support of affirmance. This proposed brief is submitted with an

accompanying motion for leave to file out of time under Fed. R. App. Proc. 29(a)(3) and Fed. R. App. Proc. 29(a)(6). Pursuant to Fed. R. App. P. 29(a)(4)(E), CEI affirms that no counsel for a party authored this brief in whole or in part and that no person other than *amicus*, their members, or their counsel has made any monetary contributions intended to fund the preparation or submission of this brief.

**Argument**

Controlling precedent does not permit parties to secure vacatur of a district court decision through settlement on appeal. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994) ("mootness by reason of settlement does not justify vacatur of a judgment under review"); *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1179 (9th Cir. 2005). When settling a suit, a litigant voluntarily forfeits his legal remedy of appeal, and so "by his own choice," "surrender[s] his claim to the equitable remedy of vacatur." *Bonner Mall*, 513 U.S. at 25.

PETA attempts to evade this rule by asserting that the monkey Naruto was not party to the settlement, so it would be unfair to force the monkey to "acquiesce" to the district court's judgment. Joint Motion 5. Yet PETA has consistently claimed to represent Naruto as a "next friend." PETA *still* contends that it meets the requirements to serve as next friend. *Id.* at 5 n.2.

Because only Naruto claimed to possess a cause of action, any settlement in this matter necessarily resolved Naruto's claims, and this sort of voluntary settlement does not permit this Court to vacate the district court's order. Alternatively, if PETA actually

2

did abandon its fiduciary duty as Naruto's next friend and selfishly settled only on its own behalf, the underlying controversy remains live, dismissal improper, and the panel may proceed to issue its opinion regarding Naruto's appeal.

> Litigants who settle their dispute while an appeal is pending often file a joint motion asking us not only to dismiss the appeal but also to vacate the opinion and judgment of the district court. We always deny these motions to the extent they ask us to annul the district court's acts, on the ground that an opinion is a public act of the government, which may not be expunged by private agreement. History cannot be rewritten. There is no common law writ of erasure. …
>
> True, litigation is conducted to resolve the parties' controversies; precedent is a byproduct of resolving disputes rather than the *raison d'etre* of the judicial system. When a clash between genuine adversaries produces a precedent, however, the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property. We would not approve a settlement that required us to publish (or depublish) one of our own opinions, or to strike a portion of its reasoning. To the extent an opinion permits the invocation of *Parklane*, it may have great value to strangers—a value that one or another party to today's case may try to appropriate in the settlement, but which is not theirs to sell. If parties want to avoid *stare decisis* and preclusive effects, they need only settle before the district court renders a decision, an outcome our approach encourages.

*Matter of Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1300, 1302 (7th Cir. 1988) (Easterbrook, J.) (cleaned up).

Finally, CEI notes that if the panel is close to a decision, the post-oral argument FRAP 42 motion does not preclude it from issuing one if feels that would be the best use of the judicial resources already expended in this case.

### A. Contrary's to PETA's assertions in the Joint Motion, PETA settled on behalf of Naruto, and such settlement does not justify vacatur.

Prior to filing the Joint Motion, PETA repeatedly claimed to represent Naruto. According to the pleadings, "Naruto, a Crested Macaque" filed this suit *through* his purported next friends PETA and Antje Engelhardt, Ph.D.—a primatologist that the plaintiff pleaded has "studied Naruto since his birth" on the tropical island of Sulawesi, Indonesia. ER23 ¶ 21. The self-styled next friends pleaded that they had "genuine concern for Naruto's well-being and are dedicated to pursuing his best interests in this litigation." ER22-23 ¶ 17. The next friends sought "an order of the Court permitting PETA to administer and protect Naruto's rights in the Monkey Selfies on the condition that all proceeds … be used solely for the benefit of Naruto, his family and his community …" ER21 ¶ 7.

PETA continued to assert that it acted as Naruto's next friend before this Court, after Dr. Engelhardt voluntarily dismissed her appeal before briefs were filed. Dkt. 14. The defendants argued that because Dr. Engelhardt was the only person pleaded to have *any* relationship with Naruto, PETA could not demonstrate the "significant relationship" required to establish next friend standing. *See Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir. 2001). In response, PETA again asserted in writing and at oral argument that it acts as Naruto's next friend. Reply Br. at 10-11.

Incredibly, PETA now represents that it entered into settlement with the defendants alone—without Naruto. Joint Motion at 4. The settlement instead "resolves all disputes arising out of this litigation as between PETA and Defendants." *Id.* at 1. This statement makes no sense. PETA did not have claims against the defendants. PETA argued repeatedly it was a *next friend*, a nominal party. For what their worth, all claims arising out of this litigation belong to the sole plaintiff, Naruto. *See Morgan v. Potter*, 157 U.S. 195, 198 (1895) ("The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another.").

The underlying complaint does not plead a case or controversy between PETA and defendants, and this alone bars vacatur. Without standing, PETA may not move for vacatur. It does not matter that the defendants half-heartedly moved for vacatur under their settlement agreement "without joining or taking any position as to the bases for that request." Joint Motion at 1 n.1. The losing party—Naruto—must carry the burden of proving "equitable entitlement to the extraordinary remedy of vacatur." *Bonner Mal.*, 513 U.S. at 26.

No Naruto, no standing, no vacatur.

Taken at face value, PETA claims to have sold out Naruto's appeal for a selfish settlement (perhaps obtaining a release against a malicious prosecution claim), which

would seem incompatible with its repeated insistence to have genuine concern for Naruto. CEI finds no reason to conclude PETA has acted unethically in its settlement.[1]

It appears PETA instead argues from the hypothetical position of defendants:

> Insofar as the Defendants argued in this appeal that PETA has not satisfied the requirements under Federal Rule of Civil Procedure 17, and therefore cannot assert claims on behalf of Naruto, PETA contends it would be just and proper to not bind Plaintiff Naruto by the judgment of the district court in light of the dispute concerning PETA's status to file the complaint which resulted in that judgment.

Joint Motion 1.

PETA's too-clever-by-half argument simply does not work. PETA cannot claim to be a qualified next friend, then pretend to be unqualified when it suits them for the limited purpose of vacating an unfavorable precedent. Their position is especially untenable because PETA *still* "contends that it can satisfy the Next Friend requirements, or should be permitted the opportunity to do so before the district court, if the appeal is not dismissed." *Id.* at 5 n.2.

If PETA indeed settled "all disputes arising out of this litigation," it necessarily did so on behalf of Naruto acting as his next friend. Thus the parties—including Naruto—have settled their claims, and this panel cannot vacate the district court's

---

[1] That said, PETA should not enjoy standing as a next friend based only on its alleged commitment to animal welfare. The Supreme Court warned against permitting standing for such a generalized interest. *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). Such standing would allow PETA to pop up in animal-related "suits all over the circuit, perhaps all over the country." *T.W. by Enk v. Brophy*, 124 F.3d 893, 897 (7th Cir. 1997).

order. "[M]ootness by reason of settlement does not justify vacatur of a judgment under review." *Bonner Mall*, 513 U.S. at 29. The parties may instead move before the district court to vacate under Rule 60(b). *Id.*[2] But this Court "is powerless to vacate a district court's findings of fact or conclusions of law that arose from the case, even if a settlement is 'crafted' in such a way as to provide for it." *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1176 (9th Cir. 2005) (Beezer, J., concurring).

Because Naruto settled his claims through his putative "next friend," PETA, this is not a case where plaintiff's appeal was "frustrated by the vagaries of happenstance." *Bonner Mall*, 513 U.S. at 25. Instead, Naruto's sole remaining next friend voluntarily dismissed the appeal, so "automatic" vacatur is unwarranted. *See NASD Dispute ADR, Inc. v. Jud. Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007) (automatic vacatur not granted when moving party "is the cause of subsequent mootness").[3] Any putative unfairness to Naruto from this settlement of the litigation and appeal PETA brought

---

[2] Considerations may "include, but are not limited to, the consequences and attendant hardships of dismissal or refusal to dismiss, the competing values of finality of judgment and right to relitigation of unreviewed disputes, the motives of the party whose voluntary action mooted the case, and the public policy against allowing a losing party to buy an eraser for the public record." *Ayotte v. Am. Econ. Ins. Co.*, 578 Fed. Appx. 657, 658–59 (9th Cir. 2014) (cleaned up). CEI contends that these considerations weigh against vacatur under Rule 60(b) as well. *Memorial Hosp.*, *supra*.

[3] PETA might insist that Naruto, living in a tropical jungle and ignorant of this lawsuit could not possibly be "the cause of subsequent mootness" through PETA's settlement on his behalf. But Naruto's incompetence is precisely why PETA volunteered to act as his next friend. If PETA were not Naruto's alleged agent, it would lack standing to file the underling complaint, notice the appeal, *or* settle it.

on his behalf can be resolved by litigation by Naruto against PETA for breach of fiduciary duty.

### B. Alternatively, if defendant-appellants settled only with PETA, the controversy between Naruto and defendants remains live, and this Court should enter its opinion on the matter.

Alternatively, if the Court takes PETA's argument literally, and if PETA agreed only to stop acting as next friend for Naruto, leaving the monkey without an advocate, such a selfish settlement would not extinguish Naruto's appeal. A stipulation signed only on behalf of the next friend (a nominal party) cannot moot the underlying controversy with the actual party. To the extent that PETA insists this occurred, they have simply ceased to adequately represent their supposed friend Naruto. If so, PETA's stipulation should be disregarded. *Cf. Crawford v. Loving*, 84 F.R.D. 80, 87 (E.D. Va. 1979) (disregarding Fed. R. Civ. Proc. 41(a)(1)(i) dismissal jointly filed by next friend and state in order to frustrate district court's review of proposed settlement). Should the Court find Naruto friendless, it may consider appointing a guardian ad litem on his behalf.[4] The Court would also retain jurisdiction to issue its opinion in the controversy.

---

[4] The Competitive Enterprise Institute has as much of a personal relationship with Naruto as PETA pleaded (*i.e.*, none), so might plausibly serve the role as well as PETA has. However, any next friend or guardian should have a *bona fide* personal and non-ideological interest in the incompetent person—putting aside the question of whether animals may be persons under Fed. R. Civ. Proc. 17.

8

In any event, if Naruto's claims were indeed not settled by PETA, vacatur should be denied because "Naruto" (that is, someone claiming to be his "next friend") would remain free to file suit again for further acts of alleged infringement.

### C. A post-oral argument Rule 42(b) motion does not deprive this Court of the power to issue an opinion.

Competitive Enterprise Institute remarks as an aside that this Court is under no obligation to accept the voluntary dismissal. In *Americana Art China Co. v. Foxfire Printing*, 743 F. 3d 243 (7th Cir. 2014), class counsel brought an uncontested appeal from a district court's order of attorney's fees, seeking an augmentation of the award. "[C]ounsel must not have been pleased with the tenor of oral argument," and sought dismissal under Fed. R. App. Proc. 42(b). *Id.* at 245. But "Rule 42(b) of the appellate rules does not *require* dismissal if the rule's conditions for dismissal are satisfied; it says the court 'may' dismiss if they are." *Id.* at 246 (*quoting Safeco Ins. Co. of Am. v. Am. Intern. Grp., Inc.*, 710 F.3d 754, 759 (7th Cir. 2013) (Posner, J., dissenting)). In *Americana Art*, the panel chose to issue an affirming opinion notwithstanding the dismissal because of the "opportunity to provide additional guidance to the district courts." 743 F.3d at 246. PETA previously stated to this Court that the case presents "a question of first impression [and] the issue is not a trivial one." Opening Br. 5. Given the judicial resources already expended at the district-court and appellate level, the Court can rationally conclude, especially given that PETA is attempting to elide the question of whether it is or is not a "next friend," that, if the Court is already close to a decision in this straightforward case, it should provide "guidance to the district courts" by issuing

a decision that would not require much additional expenditure of judicial resources. "Just as it is inappropriate to approve a consent decree that calls for a profligate commitment of the court's resources, so it may be inappropriate to approve a settlement that squanders judicial time that has already been invested." *Memorial Hosp.*, 862 F.2d at 1302.

## Conclusion

The panel should not vacate the district court order that is the subject of this appeal. The panel should consider whether PETA's contentions in the joint motion and whether the existing expenditure of judicial resources makes issuing an affirmance the most prudent option notwithstanding the Rule 42(b) motion.

Dated: September 13, 2017          Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
COMPETITIVE ENTERPRISE INSTITUTE
1310 L Street NW, 7th Floor
Washington, DC 20005
Telephone: (202) 331-2263
Email: ted.frank@cei.org

*Attorney for* Amicus Curiae
*Competitive Enterprise Institute*

## Certificate of Compliance with Circuit Rule 32-1

I certify that:

This brief complies with the length limits permitted by Ninth Circuit Rule 32-1.

The brief is 2,677 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

_/s/ Theodore H. Frank_                    Date: September 13, 2017

## Proof of Service

I hereby certify that on September 13, 2017, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Ninth Circuit using the CM/ECF system, which will provide notification of such filing to all who are ECF-registered filers.

Dated: September 13, 2017  /s/ *Theodore H. Frank*
Theodore H. Frank