No. 11-10669

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

United States of America,

Plaintiff-Appellee,

v.

Barry Lamar Bonds,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District Court No. 07-CR00732-SI

**RESPONSE TO UNITED STATES' MOTION TO FILE
A LETTER TO THE COURT UNDER SEAL**

| | |
|---|---|
| Dennis P. Riordan | Ted Sampsell-Jones |
| Donald M. Horgan | William Mitchell College of Law |
| Riordan & Horgan | 875 Summit Avenue |
| 523 Octavia Street | St. Paul, MN 55105 |
| San Francisco, CA 94102 | Telephone: (651) 290-6348 |
| Telephone: (415) 431-3472 | |

Attorneys for Defendant-Appellant
Barry Lamar Bonds

(Additional Counsel Listed on Following Page)

Allen Ruby
Skadden, Arps, Slate, Meagher
& Flom, LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301
Telephone: (650) 470-4500

Cristina C. Arguedas
Ted W. Cassman
Arguedas, Cassman & Headley, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000

Appellant Barry Bonds hereby responds to the "United States Motion to File a Letter to the Court under Seal," as well as to the letter itself, filed yesterday with the Court in advance of tomorrow's en banc argument in the above-cited matter.

The government's motion seeks leave to file a letter which in turn asks the Court to take notice of portions of the grand jury testimony of IRS Agent Jeff Novitsky, who testified before the grand jury on February 3 and 11, 2011, in support of the government's request for the Third Superceding Indictment in this matter. The Third Indictment contained in Count Five the charge of obstruction of justice on which Mr. Bonds was convicted, and which is the subject of the present appeal.

The grand jury transcripts referred to in the government's motion and letter are not part of the record on appeal. Had they been before the district court in any form, the proper method of adding them to the appellate record would have been by means of a timely motion to correct or modify the record under Rule 10(e) of the Federal Rules of Appellate Procedure. The transcripts which are the subject of the government's motion, however, were never placed before the district court in either pretrial, trial, or post-trial proceedings. Notably, the declaration of AUSA Merry Jean Chan which accompanies the government's motion makes no claim

that the transcripts were filed with the district court. "Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (citing, inter alia, *United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir.1979)).

Should the Court nonetheless wish to consider the transcripts in question, they fully support Mr. Bonds's argument that the district court constructively amended the indictment by instructing on "Statement C" as a basis for conviction on the Count Five obstruction count, although that statement was not contained in the indictment. In his testimony, in discussing Statement C, then labeled "Statement F" before the grand jury, Novitsky admitted that Mr. Bonds had responded to the pending question—"Did Greg ever give you anything that required a syringe to inject yourself with?"—with a "denial"  before veering off into a digression about "being a celebrity child." (RT of February 3, 2011, at 110.) Novitsky's admission that the prosecutor's question was in fact answered by Mr. Bonds constituted a good reason why the grand jury would not have relied on Statement C in indicting on the obstruction charge.  The only manner of accurately ascertaining whether a grand jury relied on an act in indicting is by the inclusion of that act in the indictment itself. Here, Statement C was expressly

excised from the indictment by the use of asterisks.  See Appellant Bonds's Petition for Rehearing En Banc, at 16.

| | |
|---|---|
| Dated: September 17, 2014 | Respectfully Submitted, |
| | DENNIS P. RIORDAN<br>DONALD M. HORGAN |
| | TED SAMPSELL-JONES |
| | ALLEN RUBY |
| | CRISTINA C. ARGUEDAS<br>TED W. CASSMAN |
| | By  /s/  Dennis P. Riordan<br>          Dennis P. Riordan |
| | Attorneys for Defendant-Appellant<br>BARRY LAMAR BONDS |

CERTIFICATE OF SERVICE
When All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that on September 17, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature:   /s/ Jocilene Yue
Jocilene Yue

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature:   _____
Jocilene Yue