IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Appellee,<br> v.<br><br>JESSE VASQUEZ,<br>GILBERTO OLIVA DIAZ,<br>ARTURO CRUZ,<br>ALBERTO HERNANDEZ,<br>JOSE GONZALEZ,<br>NOE GONZALEZ,<br>MANUEL HERNANDEZ,<br>FRANCISCO FLORES,<br>LUIS AGUILAR,<br>CESAR DELA CRUZ,<br><br>    Defendants/Appellants. | Nos. 10-50072<br>    10-50029<br>    10-50052<br>    10-50058<br>    10-50059<br>    10-50062<br>    10-50064<br>    10-50076<br>    10-50113<br>    10-50115<br><br>D.C. No. 07 Cr. 202 (DOC)<br>Central District of California<br>(Santa Ana) |

# APPELLANT JESSE VASQUEZ'S SUPPLEMENTAL INDIVIDUAL OPENING BRIEF ON APPEAL

COLEMAN & BALOGH LLP
ETHAN A. BALOGH
JAY A. NELSON
744 Montgomery Street, Fifth Floor
San Francisco, CA 94111
Telephone: 415.391.0440

Attorneys for Defendant/Appellant
JESSE VASQUEZ

## TABLE OF CONTENTS

I. Jurisdiction..................................................................................................1

II. Bail Status..................................................................................................1

III. Issue Presented..........................................................................................1

IV. Statement of the Case................................................................................1

V. Statement of Facts.....................................................................................2

VI. Summary of the Argument........................................................................2

VII. Argument...................................................................................................3

# **TABLE OF AUTHORITIES**

**Cases**

*Alleyne v. United States*, 133 S.Ct. 2151 (2013)..................................................1,2,3

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998).....................................2,3

*Apprendi v. New Jersey*, 530 U.S. 466 (2000).......................................................1,2,3

*Harris v. United States*, 536 U.S. 545 (2002)...........................................................2

*Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (*en banc*).......................................3

**Constitutional Provisions**

U.S. Const. amend VI...........................................................................................1,2,3

**Statutes**

21 U.S.C. § 841..........................................................................................................2

21 U.S.C. § 851..........................................................................................................2

Cal. Health & Safety Code § 11350..........................................................................2

Cal. Health & Safety Code § 11370.1.......................................................................2

ii

## I. Jurisdiction

Mr. Vasquez respectfully incorporates by reference the statements of jurisdiction set forth in his Individual Opening Brief on Appeal ("IOB") and Appellants' Joint Opening Brief on Appeal ("JOB"). *See* Dkt. 46 at 1; Dkt. 43 at 2-4.[1]

## II. Bail Status

Mr. Vasquez is serving a sentence of life imprisonment.

## III. Issue Presented

Whether the mandatory minimum life sentence imposed on Mr. Vasquez violates his Sixth Amendment right—as expressed in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013)—to have each element of the offense proven to a jury beyond a reasonable doubt, where the mandatory minimum sentence in this case resulted from judicial factfinding that Mr. Vasquez sustained two prior felony drug convictions?

## IV. Statement of the Case

Mr. Vasquez respectfully incorporates by reference the statements of the case set forth in the IOB and JOB. *See* Dkt. 46 at 2-4; Dkt. 43 at 2-7.

---

[1] "Dkt." refers to the appellate docket report, "CR" to the Clerk's Record, "RT" to the consecutively paginated Reporter's Transcript of Proceedings lodged with the Court, and "GX" to the Government's exhibits.

## V.  Statement of Facts

Mr. Vasquez respectfully incorporates by reference the statements of facts set forth in the IOB and JOB.  *See* Dkt. 46 at 5-10; Dkt. 43 at 8-30.

In addition, as pertinent to the sentencing claim for relief set forth herein, Mr. Vasquez provides the following additional factual background.  On January 14, 2008, the United States filed an information pursuant to 21 U.S.C. § 851 alleging that Mr. Vasquez sustained two prior felony drug convictions: (1) a 1996 conviction under California Health and Safety Code section 11350(a), and (2) a 2003 conviction under California Health and Safety Code section 11370.1(a).  CR 218 at 1-2.  On January 12, 2010, the district court took evidence and found true the allegations set forth in the information.  *See generally* RT 11565-11659; GX 1400-12.  At sentencing, the district court imposed a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) based on Mr. Vasquez's convictions on Count 3 (conspiracy to distribute at least five kilograms of cocaine, 50 grams of cocaine base, and 500 grams of methamphetamine) and Count 28 (possession with intent to distribute at least 50 grams of cocaine base).  RT 12353.

## VI.  Summary of the Argument

In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Supreme Court held that under the Sixth Amendment and *Apprendi v. New Jersey*, 530 U.S. 466

2

(2000), any fact that increases the mandatory minimum sentence is an "element" that must be proven to the jury. Although this Court remains bound by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which carved out a narrow exception to the *Apprendi* rule for the fact of a prior conviction, Mr. Vasquez respectfully preserves for Supreme Court review a claim that his sentence violates the Sixth Amendment, and that *Almendarez-Torres* should be overruled under *Apprendi* and *Alleyne*.

## VII.  Argument

On June 17, 2013, the Supreme Court issued its opinion in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Court held that under the Sixth Amendment and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury[,]" thus overruling *Harris v. United States*, 536 U. S. 545 (2002), which held that "judicial factfinding that increases the mandatory minimum sentence for a crime is permissible under the Sixth Amendment." *Alleyne*, Slip Op. ("S.O.") at 1-2. As pertinent here, it follows that because the two prior convictions found by the district court increased Mr. Vasquez's mandatory minimum sentence to life, they should have been submitted to the jury rather than the district court.

3

Mr. Vasquez recognizes *Alleyne*'s observation that in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court "recognized a narrow exception" to the *Apprendi* rule "for the fact of a prior conviction[,]" and that *Alleyne* did not have occasion to "revisit" *Almendarez-Torres*.  S.O. at 10 n.1. Accordingly, although this Court lacks authority to overrule *Almendarez-Torres*, *see Miller v. Gammie,* 335 F.3d 889 (9th Cir. 2003) (*en banc*), by this Supplemental Brief, Mr. Vasquez respectfully preserves a claim for Supreme Court review that his sentence violates the Sixth Amendment, and that *Almendarez-Torres* should be overruled under *Alleyne* and *Apprendi*.

          Respectfully submitted,

Dated: July 2, 2013         COLEMAN & BALOGH LLP

ETHAN A. BALOGH
JAY A. NELSON
744 Montgomery Street, Fifth Floor
San Francisco, CA 94111

Attorneys for Appellant
JESSE VASQUEZ

4

## **CERTIFICATE OF RELATED CASES**

  Mr. Vasquez respectfully incorporates by reference the certificate of related cases set forth in his IOB. Dkt. 46.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: July 2, 2013 | COLEMAN & BALOGH LLP |

ETHAN A. BALOGH
744 Montgomery Street, Fifth Floor
San Francisco, California 94111

Attorneys for Appellant
JESSE VASQUEZ

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32 and Ninth Circuit Rule 32-1, the attached Supplemental Opening/~~Answering/Reply~~ Brief is:

Proportionately spaced, has a typeface of 14 points or more, and contains 724 words.

Dated: July 2, 2013                                    ETHAN A. BALOGH

## PROOF OF SERVICE

I, Ethan A. Balogh, certify that on July 2, 2013, I caused to be filed electronically a copy of this Appellant Jesse Vasquez's Supplemental Individual Opening Brief on Appeal with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system, and that all parties to whom I am required to provide service are registered CM/ECF users, and that service of the redacted Individual Opening Brief shall be accomplished by the appellate CM/ECF system.

Dated: July 2, 2013                    ETHAN A. BALOGH