# KEKER & VAN NEST LLP

633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Eric H. MacMichael**
(415) 773-6624
emacmichael@kvn.com

March 25, 2016

**VIA ECF**

Ms. Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Robin Antonick v. Electronic Arts, Inc.*, Docket No. 14-15298

Dear Ms. Dwyer:

I represent appellee Electronic Arts, Inc. ("Electronic Arts") in the above-referenced appeal. I write in response to the letter from Stuart Paynter dated March 24, 2016. We do not believe that Mr. Paynter's letter is permitted under the Court's rules or the Federal Rules of Appellate Procedure, but nonetheless feel compelled to respond to certain misstatements contained within his letter.

***First,*** Mr. Paynter states that after Plaintiff concluded his Phase I case-in-chief and rested, EA made an "oral 50(a) motion for judgment as a matter of law," but EA did not "state a factual or legal basis for the motion as required to preserve any bases for a renewed motion under Rule 50(b)."[1] These statements are misleading and omit important information. The facts are as follows:

After Plaintiff concluded his Phase I case-in-chief and rested, counsel for EA made the following oral motion:

> "Your Honor, EA now moves for judgment as a matter of law pursuant to Rule 50 ***and in accordance with prior discussions with the Court, we will file a brief with the facts and law supporting that motion.***"[2]

---

[1] Letter at 1-2.

[2] SER 686.

Ms. Molly Dwyer
March 25, 2016
Page 2

The prior discussions referenced in EA's statement—which are nowhere mentioned in Mr. Paynter's letter—occurred the *day before* during a hearing with the Court in which all counsel were present. During that hearing, counsel for EA asked about "setting a briefing schedule for the Rule 50 motion that we're going to bring."[3] EA stated its intention to raise the motion "orally at the end of evidence,"[4] and asked for the Court's guidance about when to file its written motion under Rule 50(a). In response to EA's request, the Court stated the following: "Now, as to your motions. *We can deem them having been made at the close of the plaintiff's case on this issue.*"[5] The Court stated that it did not want "the plaintiff to get bogged down trying to respond to a motion at the same time he's trying to prepare argument and so forth," so "I'm just not going to rule on them in advance of the jury's determination."[6] The Court reiterated: "*I'll deem them having been made.* Work out a schedule between the two of you as to what you want to do in terms of briefing, okay?"[7]

Plaintiff did not object to any of the foregoing, nor did the Plaintiff raise any questions or objections in response to EA's oral motion under Rule 50(a), which occurred the very next day. Plaintiff also did not seek any clarification about the factual or legal basis for EA's Rule 50(a) motion, which was obvious given that there was only one issue tried during Phase I.

Pursuant to the Court's directive, EA filed its written Rule 50(a) motion a few days later, after the jury's verdict. This 22-page written motion is what counsel for EA referenced during the oral argument before the Panel in response to the question about whether EA had made a motion under Rule 50(a). The motion that counsel for EA referenced stated that it was being brought "pursuant to Fed. R. Civ. P. 50(a) and/or 50(b),"[8] which EA included out of an abundance of caution given the Court's statement that the motion was "deemed" to have been made at the close of Plaintiff's case, but was being filed after the verdict on Phase I. Counsel for Plaintiff was well aware that this motion was intended to be a Rule 50(a) motion, as the argument section of the brief quoted Rule 50(a) in full.[9]

Accordingly, Mr. Paynter's statements to the Panel during oral argument that "there was never a Rule 50(a) motion filed" in Phase I, and there was a "complete and utter waiver" of JMOL, were incorrect. Also incorrect is Mr. Paynter's statement in his March 24 letter that EA

---

[3] Trial Tr. 418:1-6.

[4] *Id.*

[5] Trial Tr. 419:11-16.

[6] Trial Tr. 419:17-25.

[7] Trial Tr. 420:1-4.

[8] SER 130

[9] SER 140. EA also filed a 19-page Reply Brief to this motion, which counsel for EA also referenced during the hearing before the Panel.

Ms. Molly Dwyer
March 25, 2016
Page 3

never set forth a "factual or legal basis for the motion as required to preserve" its Rule 50(b) motion.

***Second***, Mr. Paynter also misstates the record by claiming that EA's post-trial motion "did not preserve a claim for JMOL with respect to Phase I."[10] While Mr. Paynter cites the Court to a discussion on page 30 of EA's brief regarding EA's request for a new trial, he fails to mention that the very first page of EA's motion contains the following statement:

> "EA also renews its Phase I JMOL motion, briefed in Document Nos. 443 and 470, on the grounds stated therein—namely, that a reasonable jury would not have a legally sufficient evidentiary basis to find for Antonick on the issue of whether or not this action is time-barred."[11]

Documents Nos. 443 and 470 are the briefs referenced above, and are the same documents referenced by EA's counsel during oral argument before the Panel. Accordingly, Mr. Paynter's statement that EA "did not preserve a claim for JMOL with respect to Phase I" is false. EA did preserve this claim, which is why the District Court's "Order Granting EA's Amended Renewed Phase II Motion For Judgement As a Matter of Law, or, Alternatively, For a New Trial" devoted four pages to addressing this claim.[12]

Finally, it bears noting that the argument contained in Mr. Paynters' letter – that EA somehow "did not preserve a claim for JMOL with respect to Phase I" – is nowhere contained in the briefs submitted by Mr. Antonick on this appeal. EA raised the statute of limitations as alternative grounds for affirmance in its Response Brief, and Mr. Antonick's Reply Brief contains no assertion that EA waived its claim for JMOL regarding Phase I.

We regret having to burden the Panel with this additional information, but felt compelled to respond to the inaccurate statements contained in Mr. Paynter's letter.

Thank you for your attention to this matter.

Very truly yours,

Eric H. MacMichael

---

[10] Letter at 2.
[11] SER 6.
[12] ER 4-8.

**EXHIBIT 1**

PROCEEDINGS

```
                                              Volume 3

                                              Pages 407 - 434

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

         BEFORE THE HONORABLE CHARLES R. BREYER

ROBIN ANTONICK, an Illinois    )
Citizen,                       )
                               )
           Plaintiff,          )
                               )
  VS.                          )   No. C 11-1543 CRB
                               )
ELECTRONIC ARTS INC., a        )
California corporation,        )
                               )   San Francisco, California
           Defendant.          )   Wednesday
                               )   June 19, 2013
```

TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiff:        Hagens Berman Sobol Shapiro
                      11 West Jefferson Street, Suite 1000
                      Phoenix, Arizona  85003
                By:   Robert B. Carey, Esquire

                      The Paynter Law Firm
                      1340 Environ Way
                      Chapel Hill, North Carolina 27517
                By:   Sara C. Willingham, Esquire

For Defendant:        Keker & Van Nest
                      633 Battery Street
                      San Francisco, California  94111-1809
                By:   Eric H. MacMichael, Esquire
                      Tia A. Sherringham, Esquire

Reported By:  Katherine Powell Sullivan, CSR #5812, RPR, CRR
              Official Reporter - U.S. District Court

1   THE COURT: Let's see. Wait, wait. Because yours is
2   more extensive than mine.
3       MR. MacMICHAEL: The only difference is that we've
4   broken it out into two paragraphs and added one sentence at the
5   end.
6       THE COURT: That's what I meant by more extensive.
7       MR. MacMICHAEL: That was the next change I was going
8   to address.
9       THE COURT: No, I'm not going to give the last
10  sentence. Nice try.
11      MR. MacMICHAEL: Thank you.
12      THE COURT: Unless you want it given.
13      MR. CAREY: I don't.
14      MR. MacMICHAEL: I can give you the authority of where
15  it came from.
16      THE COURT: Well, it's true. I mean, these things --
17  it doesn't mean that it's not true. It is true.
18      But the problem is when you start to give instructions
19  sort of twice, you argue it, the judge argues it. That's my
20  view. They actually think I created this, you see. They think
21  that's the wisdom. Let's not disabuse them of that notion, but
22  the fact of the matter is that I don't want to argue the case
23  in the instructions.
24      Okay. So anything else?
25      MR. MacMICHAEL: One final housekeeping matter.

```
 1        I believe we mentioned yesterday setting a briefing
 2   schedule for the Rule 50 motion that we're going to bring.
 3   We'll certainly raise it orally at the end of evidence, but as
 4   far as the written motion that we're going to file, what we
 5   would propose -- but all of this is obviously dependent on when
 6   the Court can hear it, when the Court wants to hear it.
 7        We would propose filing the written motion on Monday.  I
 8   don't know how much time they want to respond.  And,
 9   obviously --
10            THE COURT:  Well, here's what I thought.  Starting
11   with tomorrow, we have the deposition, which I think will be
12   approximately an hour, maybe a little less now that it's been
13   cut back, and then the plaintiff rests, is that right?
14            MR. CAREY:  Pretty much.  We have the one issue on the
15   2005 exhibit, and I have to work out a stipulation.
16   Essentially, it would be just one line to the jury of:  This is
17   the material that was available.
18            THE COURT:  So then we turn to the defense, and the
19   defense indicated to me that you have probably one witness and
20   that witness will be brief.
21            MR. MacMICHAEL:  Right.  Now we're contemplating
22   having one witness.
23            THE COURT:  Okay.
24            MR. MacMICHAEL:  And we expect the direct to be
25   approximately an hour.  I would imagine --
```

1   THE COURT: So in all likelihood, we would conclude
2   either in the morning or the first thing in the afternoon. I
3   don't know. It depends on --
4   MR. CAREY: Well, given -- yeah, I think that's
5   correct. But given that they are not -- they have not sent me
6   any exhibits from Bing Gordon, and I think we're one day
7   away -- can we find out right now whether they are going to
8   call two people or one person?
9   MR. MacMICHAEL: We will not be calling Bing Gordon.
10  MR. CAREY: I think you're right then.
11  THE COURT: Okay. So I would like to go right into
12  argument. The jury instructions will take 15 minutes to read
13  to them. I would like to go right into argument.
14      Now, as to your motions. We can deem them having been
15  made at the close of the plaintiff's case on this issue. I'm
16  not going to rule on them.
17      I may rule on them -- I mean, I want to give the plaintiff
18  the opportunity to -- I don't want the plaintiff to get bogged
19  down trying to respond to a motion at the same time he's trying
20  to prepare argument and so forth.
21      So it just strikes me that -- these are the kind of
22  motions that I can decide, I can take under submission, decide
23  later. I would do that in this case. I mean, that doesn't
24  mean that I wouldn't rule on the motions. I'm just not going
25  to rule on them in advance of the jury's determination. Okay?

1   So that takes some of the pressure off. I'll deem them having
2   been made.
3       Work out a schedule between the two of you as to what you
4   want to do in terms of briefing, okay?
5           MR. CAREY: Fine.
6           MR. MacMICHAEL: Thank you, Your Honor.
7           THE COURT: Thank you.
8           MR. CAREY: So, Your Honor, what is the plan on -- so
9   what do you expect in response to us in conferring and going
10  over this, nothing? Just the video ready to go on --
11          THE COURT: Yes. Just have the video all set to go.
12  Key it up, you know.
13          MR. MacMICHAEL: Your Honor, there was one in here
14  that -- I know you didn't want to hear argument on many of
15  these, but there is one in particular. I think it's very
16  important. If I could just --
17          THE COURT: I'm sure they are all very important,
18  but -- are you saying this because I've -- you've looked and
19  seen what I've done --
20          MR. CAREY: He's looking right now to see --
21          THE COURT: -- or are you trying to find out what I've
22  done?
23          MR. CAREY: Seeing if this very important issue was
24  covered his way.
25          MR. MacMICHAEL: Exactly. There was one in particular

```
 1         THE COURT:  Oh, listen.  I'll -- wait until you see
 2  how quickly I go through the jury instructions.
 3         MR. CAREY:  I think that's it for plaintiffs, Your
 4  Honor.
 5         MR. MacMICHAEL:  Us too.  Thank you.
 6         THE COURT:  Okay.  Thanks so much everybody.
 7     What time are we starting Thursday?
 8         THE CLERK:  9:00 o'clock.
 9     (At 11:50 a.m. the proceedings were adjourned until
10  Thursday, June 20, 2013, at 9:00 a.m.)
11                         -  -  -  -
12
13
14                   CERTIFICATE OF REPORTER
15         I certify that the foregoing is a correct transcript
16  from the record of proceedings in the above-entitled matter.
17  DATE:   Wednesday, June 19, 2013
18
19         _____
                     Katherine Sullivan
20         Katherine Powell Sullivan, CSR #5812, RMR, CRR
                     U.S. Court Reporter
21
22
23
24
25
```