No. 13-55172

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

NAJI JAWDAT HAMDAN, et al.,
                         Plaintiffs-Appellants,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.,
                         Defendants-Appellees.

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

———————————

**OPPOSITION TO PETITION FOR
REHEARING OR REHEARING EN BANC**

———————————

BENJAMIN C. MIZER
  *Principal Deputy Assistant
  Attorney General*

EILEEN M. DECKER
  *United States Attorney*

MATTHEW COLLETTE
  (202) 514-4214
H. THOMAS BYRON III
  (202) 616-5367
  *Attorneys, Appellate Staff
  Civil Division, Room 7529
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C. 20530*

# TABLE OF CONTENTS

INTRODUCTION AND SUMMARY.................................................................1

STATEMENT ............................................................................................3

ARGUMENT .............................................................................................5

I.  THE PANEL PROPERLY UPHELD REASONABLE SEARCHES FOR
RECORDS .......................................................................................6

II.  THERE IS NO CONFLICT ABOUT THE MEANING OF EXEMPTION
7(E)...............................................................................................10

III.  REHEARING IS NOT WARRANTED ON THE PANEL'S DECISION TO
REMAND THE CASE TO THE DISTRICT COURT FOR
SEGREGABILITY FINDINGS ............................................................16

CONCLUSION .......................................................................................19

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**

*Allard K. Lowenstein Intern. Human Rights Project* v. *DHS*, 626 F.3d 678 (2d Cir. 2010) ................................................................. 11-12

*Blackwell* v. *FBI*, 646 F.3d 37 (D.C. Cir. 2011) ......................................................13

*Bowen* v. *FDA*, 925 F.2d 1225 (9th Cir. 1991)................................................ 13-14

*DiBacco* v. *U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015) ..................................8

*Iturralde* v. *Comptroller of Currency*, 315 F.3d 311 (D.C. Cir. 2003) ...................9

*Lahr* v. *NTSB*, 569 F.3d 964 (9th Cir. 2009) .......................................................6, 9

*Mobley* v. *CIA*, 806 F.3d. 568 (D.C. Cir. 2015).......................................................8

*Pacific Fisheries, Inc.* v. *United States*, 539 F.3d 1143 (9th Cir. 2008) .......... 16-18

*Rosenfeld* v. *DOJ*, 57 F.3d 803 (9th Cir. 1995)....................................................14

*Swan* v. *Peterson*, 6 F.3d 1373 (9th Cir. 1993).......................................................3

*Wiener* v. *FBI*, 943 F.2d 972 (9th Cir. 1991) ................................................. 17-18

*Zemansky* v. *EPA*, 767 F.2d 569 (9th Cir. 1985) ...................................................6

**Statutes:**

5 U.S.C. § 552(b)(7)(E) ..........................................................................................10

## INTRODUCTION AND SUMMARY

The panel in this Freedom of Information Act (FOIA) case carefully considered the parties' arguments and the record, applied well-established legal rules, and determined that the government agency defendants had largely complied with their legal obligations, but remanded for the district court to make the necessary findings concerning the segregability of information withheld pursuant to statutory exceptions. That decision is straightforward and consistent with the prior decisions of the Supreme Court and this Court; nor is there any conflict with the law of other circuits.

Plaintiffs' assertion that the panel departed radically from established law is based on a misreading of the panel decision and misunderstandings or incorrect descriptions of the supposedly conflicting prior precedent. The panel decision does not warrant further review by this Court.

Plaintiffs and their amici urge rehearing on three grounds, all equally unfounded. First, they contend that the panel effectively redefined the statutory term "records" to permit agencies to exempt information from searches in response to a FOIA request. But the panel decision says

nothing at all about the definition of "records," and addresses only the discrete and necessarily fact-dependent question whether an agency's search for responsive records was reasonable under the circumstances. The decision in this case—upholding the reasonableness of the searches conducted by FBI and State—will not lead to the parade of horribles plaintiffs imagine.

Second, plaintiffs urge that the panel was mistaken to follow the lead of the Second Circuit—the only other court of appeals that has considered the meaning of language in Exemption 7(E) adopted by Congress in the 1986 FOIA amendments. Plaintiffs incorrectly suggest that the Second Circuit's decision diverges from decisions of this Court and other circuits, but none of those cases addressed the same question of statutory interpretation, and none is in conflict with the Second Circuit or the panel here.

Finally, plaintiffs request rehearing concerning an issue on which they prevailed—the panel's decision remanding the case to the district court to make factual findings on the segregability of withheld

information—on the ground that they disagree with the panel's guidance to the district court on remand. But it is plaintiffs' analysis, not the panel's, that is flawed. Plaintiffs suggest that prior decisions of this Court should be read to impose extraordinary burdens on district courts, requiring them to review every single withheld document, and precluding reliance on affidavits submitted by the government concerning the withholdings. That argument is out of step with both precedent and practice: This Court has never held that a district judge must personally review every page to ensure that the government has complied with its duty to segregate withheld information from that which can be disclosed, and courts do not routinely do so.[1]

## STATEMENT

As the panel explained, this case concerned a broad FOIA request by plaintiffs, and multiple government agencies went to great efforts to

---

[1] Amici curiae Reporters Committee For Freedom Of The Press, et al., raise a fourth issue concerning Exemption 1. Plaintiffs have not sought rehearing or rehearing en banc to address that issue, and this Court generally will not address an issue raised only by amici. E.g., *Swan* v. *Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993).

identify responsive records and disclose information that was not subject to specific statutory exemptions. Those efforts resulted in the release of hundreds of documents from multiple agencies. Op. 7-10.

On appeal, plaintiffs challenged the reasonableness of the searches conducted by two agencies—the Federal Bureau of Investigation (FBI) and the Department of State—and they disputed the applicability of certain statutory exemptions related to national security and law enforcement matters to some documents withheld by the Central Intelligence Agency (CIA) and the Defense Intelligence Agency (DIA), as well as FBI. They also argued that the district court should have made specific findings concerning segregability.

The panel partially affirmed and partially reversed the district court's grant of summary judgment for the government agency defendants, upholding "the district court's rulings as to the adequacy of the agencies' search and the application of the FOIA exemptions" at issue on appeal, but concluding that remand was necessary for "the district court to make findings as to segregability." Op. 35-36.

4

## ARGUMENT

The government defendants here properly responded to the FOIA requests, and the panel carefully applied well-established FOIA law to the actual facts (rather than the unsupported allegations) in the record of this case, and concluded that the statutory standards were satisfied here. To the extent that plaintiffs and amici reiterate their assertions of supposed government misconduct, they fail to come to grips with the panel's careful examination of those claims and its conclusion that plaintiffs' "contentions seem based on coincidence and conjecture." Op. 18. Mere dint of repetition does not make them any more substantial. See also Op. 17 ("government misconduct is 'easy to allege and hard to disprove, so courts must insist on a meaningful evidentiary showing.'") (quoting *NARA* v. *Favish*, 541 U.S. 157, 175 (2004)).

The panel undertook "a careful and searching review of the record" before concluding that the district court decision here correctly applied FOIA's standards. Op. 35. That assiduous approach highlights the record-specific nature of the panel decision. In turn, it also belies plaintiffs'

asserted concern that the panel decision will lead to untold disaster in future FOIA litigation. This case does not break new ground, and plaintiffs' arguments overreach.

## I. THE PANEL PROPERLY UPHELD REASONABLE SEARCHES FOR RECORDS.

The case law of this Court and other circuits establishes that a government agency responding to a FOIA request must be able to show "that it has conducted a search reasonably calculated to uncover all relevant documents." *Lahr* v. *NTSB*, 569 F.3d 964, 986 (9th Cir. 2009) (quoting *Zemansky* v. *EPA*, 767 F.2d 569, 571 (9th Cir. 1985)), quoted in Op. 13. The panel held that FBI and State complied with that obligation: "Plaintiffs were entitled to a reasonable search for records, not a perfect one. And a reasonable search is what they got." Op. 17. That decision correctly applied settled law based on the record in this case. Op. 14-17.

Plaintiffs' contention that the decision is inconsistent with the Supreme Court's decision in *DOJ* v. *Tax Analysts*, 492 U.S. 136 (1989), is mistaken. *Tax Analysts* addressed the meaning of the statutory term "records," not the standard governing the adequacy of searches under

6

FOIA. Pet. 6-7. Nothing in the panel decision purports to create—or has the effect of creating—a categorical exclusion that narrows the definition of a FOIA "record." Plaintiffs incorrectly assert that an agency could unilaterally determine that some documents are not records and need not be searched or disclosed. Pet. 3-8. But nothing in the panel opinion would support such a scenario.

This case is simply not about such broad determinations. Instead, plaintiffs complain that the agency did not conduct the searches in the way that they wanted: The dispute is not about *whether* but *how* the agency searched for responsive records. See Pet. 4-6 (complaining that FBI did not conduct additional searches that plaintiffs requested). Thus, plaintiffs disputed whether the FBI's search of its databases was reasonably calculated to identify records from the files of two field offices and from the legal attache in the UAE. See Pet. 3-4; see also Pet. 5 (citing ER 286-288). But records from those sources are included in the databases searched, and the FBI declarations further explained why the search was reasonable in the specific context here.

Plaintiffs nevertheless contend that FBI should have undertaken additional efforts to identify records that they believe must exist but that were not identified in the search of those databases. But a FOIA requester is not entitled to dictate the scope or terms of an agency's search. See *Mobley* v. *CIA*, 806 F.3d. 568, 582 (D.C. Cir. 2015) ("Mobley's demand that the FBI search certain record systems is generally mere fiat"; by "allow[ing] a requester to dictate, through search instructions, the scope of an agency's search, the reasonableness test for search adequacy long adhered to in this circuit would be undermined"); *DiBacco* v. *U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015) (the agency's "burden was to show that its search efforts were reasonable and logically organized to uncover relevant documents; it need not knock down every search design advanced by every requester").

Plaintiffs make much of FBI's explanation in the record that "not every email sent by or to every agent will be preserved." Op. 15. See Pet. 4 (citing ER 257-258). But their emphasis lacks context. The issue before the Court was whether FBI's search was reasonably calculated to locate all responsive documents, not whether some document might exist

8

somewhere that could escape a reasonable search. Thus, this Court and others have repeatedly held that a search is not unreasonable merely because it does not identify every responsive document. Op. 14 (citing, inter alia, *Lahr*, 569 F.3d at 987-988). The panel was careful to note that, "if a review of the record raises substantial doubt, particularly in view of well-defined requests and positive indications of overlooked materials, summary judgment is inappropriate." *Ibid.* (quoting *Iturralde* v. *Comptroller of Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003)). And the panel here undertook just such a careful review of the record in determining that the search was reasonable.

Plaintiffs criticize the panel for relying on the fact that the FBI databases at issue here "together constitute the means by which the FBI maintains its records for use in investigations." Pet. 4 (quoting Op. 15-16). But the panel did not hold that an investigatory purpose would be sufficient by itself to justify a limitation of an agency's search, as plaintiffs suggest. Instead, the discussion of the database's purpose was relevant in response to a specific argument plaintiffs raised: whether the databases

9

might be underinclusive because FBI agents might have an incentive to hide agency records by declining to include them in those databases.  See Op. 16.  The panel correctly rejected that unfounded attack on the agency's good faith, and explained that the record demonstrated the reasonableness of the search here because agents have every incentive to include records that are likely to be responsive to the particular request at issue in this case.

In this case, as in every other, the question is simply whether an agency has demonstrated that its search was reasonable.  Plaintiffs' disagreements with the record support for that reasonableness determination do not transform the panel decision into anything more momentous.

## II.  THERE IS NO CONFLICT ABOUT THE MEANING OF EXEMPTION 7(E).

**A.**  Plaintiffs (Pet. 10-13) disagree with the panel's conclusion that FOIA Exemption 7(E) does not require a showing that disclosure of "techniques and procedures for law enforcement investigations or prosecutions" would (as another clause of that provision states) "risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  The panel decision

carefully considered the meaning of the amended statute's language and structure, and reached the same conclusion as the Second Circuit—the only other court of appeals that has considered the question—noting that the statutory exemption includes two separate clauses, one addressing techniques and procedures and another addressing guidelines. The second clause permits withholding of law-enforcement guidelines but is subject to the additional requirement that the government must demonstrate a risk of circumvention of the law resulting from disclosure. The first clause, which concerns law-enforcement techniques and procedures, includes no such additional requirement. See Op. 29 (quoting *Allard K. Lowenstein Int'l Human Rights Project* v. *DHS*, 626 F.3d 678, 681 (2d Cir. 2010)).

For the first time in their rehearing petition, plaintiffs now argue that the Second Circuit decision was incorrectly decided and should not be followed by this Court. They also suggest for the first time that the panel

decision (and the Second Circuit's decision) are in conflict with earlier decisions of this Court. Those arguments come too late.[2]

Moreover, Plaintiffs cannot point to any contradictory precedent. They cite to decisions that merely mention in passing—without analysis of the statutory interpretation issue—that the record in a particular case either did or did not suffice to show a risk of circumvention resulting from disclosure. Pet. 10-11. Thus, in *Bowen* v. *FDA*, 925 F.2d 1225, 1228-1229 (9th Cir. 1991), this Court recited the language of Exemption 7(E) without expressly addressing the question resolved by the panel here—whether the risk of circumvention language in the second (guidelines) clause applies as

---

[2] Plaintiffs never responded in substance to the government's citation to the analysis in *Allard K. Lowenstein*, nor did they offer any argument to counter the government's explanation of the statutory language and structure—especially the two distinct clauses in Exemption 7(E). See Reply Br. 21-26 (addressing other Exemption 7(E) arguments). Plaintiffs' only passing reference to the government's argument was an assertion that *district* "courts in this Circuit have rejected that reading" of Exemption 7(E). *Id.* at 25. But district court decisions are not binding precedent. And plaintiffs did not argue that this Court had resolved the issue or that the government and the Second Circuit were wrong about the question of statutory interpretation. The additional arguments urged by amicus Electronic Frontier Foundation cannot cure a party's failure to raise an issue before the panel.

well to the first (techniques and procedures) clause. So too in *Blackwell* v. *FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011), the D.C. Circuit merely assumed that the risk of circumvention element applies to both clauses, but did not directly address the question of the statutory language and structure. Such assumptions are not holdings that bind subsequent panels or that create conflicts with other circuits. E.g., *Proctor* v. *Vishay Intertech., Inc.*, 584 F.3d 1208, 1226 (9th Cir. 2009) ("unstated assumptions on non-litigated issues are not precedential holdings binding future decisions").

There is thus no disagreement among the circuits because the Second Circuit and the panel in this case remain the only courts that have directly addressed the question of statutory interpretation. Especially in light of plaintiffs' waiver of any argument concerning that issue in their briefs before the panel, there is accordingly no basis for rehearing on this ground.

**B.** Plaintiffs (Pet. 9-10) also contend that, merely because the public is generally aware of the existence of particular law enforcement techniques and procedures, the government must disclose every specific detail about how it uses those techniques and procedures. That is not the law, as this

Court's prior precedents make clear. As the Court held in *Bowen*, the mere fact that the public is aware of some aspects of a law-enforcement technique does not compel disclosure of additional specifics or details about the use of the technique. See 925 F.2d at 1229 (previously disclosed "documents consist chiefly of summaries and conclusions, rather than any depth or detail of actual laboratory analyses"; disclosure would reveal "specifics of cyanide-tracing techniques").

The panel here followed established law and applied that principle to the facts of this case. Op. 28 ("We conclude that the affidavits, which state that further detail would compromise the very techniques the government is trying to keep secret, are sufficient to satisfy the FBI's burden.") (citing *Bowen*). The panel also explained that the result here is consistent with this Court's decision in *Rosenfeld* v. *DOJ*, 57 F.3d 803, 815 (9th Cir. 1995), which held that the mere application of a known technique—in that case, where the technique was a pretext phone call, using the identity of a particular individual as the pretext for the call—was not protected under Exemption 7(E). Op. 27-28.

14

Indeed, plaintiffs' argument is a non sequitur, given the facts in the record here. Plaintiffs challenged two categories of law-enforcement techniques and procedures withheld under Exemption 7(E): "techniques and procedures related to surveillance and credit searches," as well as "a stratagem [employed by FBI], the details of which if revealed would preclude its use in future cases." ER 258, 254. As to the latter example (an unidentified strategem), plaintiffs cannot claim that the technique is itself known to the public. Their only argument is that, because the public is aware that law enforcement may use the general categories of surveillance and credit searches, no techniques or procedures related to those methods may ever be withheld, even where the particular details about those techniques and procedures are not themselves known publicly. But *Bowen* demonstrates that the government does not lose the ability to protect crucial details concerning a law-enforcement technique merely because some other, more general information may be widely known.

### III. REHEARING IS NOT WARRANTED ON THE PANEL'S DECISION TO REMAND THE CASE TO THE DISTRICT COURT FOR SEGREGABILITY FINDINGS.

Finally, plaintiffs contend (Pet. 14-18) that this Court should grant rehearing or rehearing en banc on an issue in which they prevailed, arguing that the panel's decision to remand the case to the district court to make findings on segregability included guidance to the district court that plaintiffs urge is flawed. But plaintiffs are incorrect when they contend that the panel must compel district courts to undertake document-by-document review in FOIA cases to determine whether the government has complied with its segregability obligations. That argument misunderstands this Court's cases, and incorrectly accuses the panel of departing from governing precedent. But the panel decision merely confirmed—as this Court had earlier held in *Pacific Fisheries, Inc.* v. *United States*, 539 F.3d 1143, 1148 (9th Cir. 2008)—that the segregability analysis, like other determinations in a FOIA case, can and should properly be resolved on the basis of agency affidavits describing the withheld portions of the

documents and alleging facts sufficient to establish an exemption.  Op. 32 (citing *Pacific Fisheries*).

The panel explained that there is nothing to the contrary in *Wiener* v. *FBI*, 943 F.2d 972, 988 (9th Cir. 1991), which held that a district court "must make a specific finding that no information contained in each document or substantial portion of a document withheld is segregable."  That directive does not require document-by-document *review* by the district court, and certainly does not require in camera review of every document, as plaintiffs urged in their briefs before the panel.  Op. 32.  The panel properly rejected plaintiffs' efforts to interpret earlier cases to impose inflexible requirements on the district court's segregability analysis:  "We have not held that the manner of that description [in agency affidavits] must take any particular format, so long as it is sufficiently detailed."  Op. 33.

Thus, this Court's cases (like those of other circuits) require only a finding that each withheld document satisfies the segregability requirement, and district courts retain the necessary flexibility to rely on appropriate information in the record to make such a finding.  Op. 31-32.

There is no conflict between *Wiener* and *Pacific Fisheries*, and the panel did not suggest otherwise.[3]

Nor is there any reason to conclude that district courts lack discretion to conduct an appropriate segregability analysis based on the record in a particular case. Plaintiffs go to great lengths to suggest that document-by-document review must be required in every case. Pet. 16-18. But none of the decisions they cite prohibits the unexceptional procedure described by the panel here: relying on agency declarations that include sufficient document-specific descriptions and explanations to permit the district court to determine that the government has complied with its segregability obligations with respect to each document withheld in whole or in part. Op. 32-33.

Plaintiffs do not appear to take issue with the record-specific determinations made by the panel concerning the district court's ability

---

[3] Plaintiffs suggest that the panel's use of the term "conflicting guidance" (Op. 31) constitutes a determination that "that the Panel identified a conflict between two decisions of this Court." Pet. 15. That assertion simply misunderstands the panel decision here.

here to rely on the existing agency declarations to determine segregability. Op. 33-35. Nor is there any reason for rehearing to address those questions, which will properly come before the district court on remand and which in any event are limited to the particular facts of this case. Notably, the panel's conclusions confirm the "careful and searching review of the record" (Op. 35) that underlies the panel's entire decision here: While the panel held that the record here is sufficient to permit the district court to make segregability determinations concerning the withholdings by FBI and State, additional information will be required from DIA.

## CONCLUSION

For the foregoing reasons, plaintiffs' petition for rehearing or rehearing en banc should be denied.

Respectfully submitted,

BENJAMIN C. MIZER
   *Principal Deputy Assistant*
   *Attorney General*

EILEEN M. DECKER
   *United States Attorney*

MATTHEW COLLETTE
   (202) 514-4214

  /s/ *H. Thomas Byron III*

H. THOMAS BYRON III
   (202) 616-5367
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7529*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., N.W.*
   *Washington, D.C. 20530*

DECEMBER 2015

## CERTIFICATE OF COMPLIANCE WITH
## CIRCUIT RULE 40-1(a)

I hereby certify that this filing complies with the requirements of Cir.

R. 40-1(a) and Fed. R. App. P. 32(c)(2) because it has been prepared in 14-

point Palatino Linotype, a proportionally spaced serif font.


/s/ *H. Thomas Byron III*
H. THOMAS BYRON III

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2015, I electronically filed the foregoing Opposition To Petition For Rehearing Or Rehearing En Banc by using the appellate CM/ECF system.

The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ H. Thomas Byron III
H. THOMAS BYRON III