IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STATE OF WASHINGTON and STATE OF MINNESOTA,
    Plaintiffs-Appellees,

ALI PLAINTIFFS; JAMES J. O'HAGAN,
    Intervenors-Pending,

v.

DONALD J. TRUMP, President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; REX W. TILLERSON, Secretary of State; JOHN F. KELLY, Secretary of the Department of Homeland Security; UNITED STATES OF AMERICA,
    Defendants-Appellants.

No. 17-35105

**DEFENDANTS-APPELLANTS' MOTION TO
HOLD PROCEEDINGS IN ABEYANCE**

Defendants-appellants Donald J. Trump *et al.* respectfully move this Court to hold proceedings in abeyance pending further order of the Court. Counsel for plaintiffs-appellees oppose this motion. In support of this motion, counsel states as follows:

1. This appeal is from an injunction entered by the U.S. District Court for the Western District of Washington, barring defendants-appellants from enforcing Sections 3(c) and 5(a), (b), and (c) of Executive Order No. 13,769, and from

enforcing Section 5(e) of the Executive Order "to the extent [it] purports to prioritize refugee claims of certain religious minorities."

2. On February 9, 2017, a panel of this Court denied defendants-appellants' motion for an emergency stay of the injunction pending appeal. The panel also issued an order that, *inter alia*, set a briefing schedule for appeal, pursuant to which the opening brief is due March 3, 2017. A judge of the Court subsequently called *sua sponte* for a vote as to whether the order denying a stay should be reconsidered by the en banc Court, and the Court ordered the parties to file briefs setting forth their respective positions on whether this matter should be reconsidered en banc.

3. Defendants-appellants filed a supplemental brief on en banc consideration on February 16, 2017. The supplemental brief explained that "the United States does not seek en banc review of the merits of the panel's ruling. Rather than continuing this litigation, the President intends in the near future to rescind the Order and replace it with a new, substantially revised Executive Order * * *." Defendants-appellants asked the Court to "hold its consideration of the case until the President issues the new Order and then vacate the panel's preliminary decision."

4. On February 16, 2017, the Court issued an order staying en banc proceedings before the Court pending further order of the Court. The Court's order referenced the United States' "representat[ion] to the Court that the President intends

to issue a new Executive Order" and its request that the Court "hold its consideration of the case until the President issues the new Order."

5. There is no need at this time for immediate briefing of the appeal as contemplated by the February 9 order. Although the Court's February 16 order did not specifically address the earlier order setting a briefing schedule, the stay of en banc proceedings reflects the appropriateness of awaiting further developments before committing further resources of the parties or the Court to appellate litigation. Defendants-appellants respectfully request that the Court hold all proceedings on appeal in abeyance pending further order of the Court.

6. Counsel for the plaintiffs-appellees, Ann Egeler, has indicated that the plaintiffs-appellees oppose this motion.

3

CONCLUSION

Defendants-appellants respectfully request that the Court hold proceedings in this appeal in abeyance pending further order of the Court.

Respectfully submitted,

/s/ Sharon Swingle
SHARON SWINGLE
(202) 353-2689
Attorney, Appellate Staff
Civil Division, Room 7250
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

FEBRUARY 2017

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2017, I filed the foregoing Defendants-Appellants' Motion to Hold Proceedings in Abeyance and served opposing counsel through the CM/ECF system.

      /s/ Sharon Swingle
    SHARON SWINGLE
     Counsel for Defendants-Appellants

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2) because it contains 471 words, excluding the portions of the motion identified in Fed. R. App. P. 32(f).

    /s/ Sharon Swingle
SHARON SWINGLE
Counsel for Defendants-Appellants