IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STATE OF HAWAII, et al,

    Plaintiffs-Appellees,

v.

DONALD TRUMP, et al.,

    Defendants-Appellants.

No. 17-15589

**CONSENT MOTION TO ISSUE THE MANDATE**

Pursuant to Federal Rules of Appellate Procedure 27 and 41(b), Defendants/Appellants Donald Trump et al, hereby respectfully move this Court to issue the mandate in this case immediately. Counsel for plaintiffs-appellees have been notified of the government's intent to file this motion, and have informed us that they consent to the issuance of the mandate. The reasons for this motion are set forth below.

**BACKGROUND**

On June 12, 2017, this Court issued its decision affirming in part and vacating in part the district court's preliminary injunction of certain

1

sections of Executive Order 13780. In its Opinion, the Court agreed with the government that the district court's injunction was overbroad, and must be reversed, to the extent that it enjoined portions of Sections 2 and 6 of the Order pertaining to internal government operations and procedures. *See* Slip Op. 70-72, 77-78.

This Court therefore "vacate[d] the preliminary injunction to the extent it enjoins internal review procedures that do not burden individuals outside of the executive branch of the federal government," *id.* at 71, and "remand[ed] the case to the district court with instructions to re-issue a preliminary injunction consistent with this opinion," *id.* at 78. At the same time, the Court denied as moot the government's motion for a stay of the injunction pending appeal. *Id.* at 78 n.25.

## ARGUMENT

1. This Court's decision—vacating the preliminary injunction in part and instructing the district court to re-issue its preliminary injunction, without enjoining the Executive Order's internal review procedures—will not take effect until this Court issues its mandate. The mandate would ordinarily issue on the later of seven days after the time to file a petition for

rehearing expires, or seven days after the denial of a timely petition for rehearing. *See* Fed. R. App. P. 41(a); *see also* Fed. R. App. P. 40(a)(1)(C) (time for filing petition for rehearing is 45 days after entry of judgment where the parties include the United States or any of its officers, employees, or agencies). Because this Court denied as moot the government's motion for a stay of the injunction, and the mandate would ordinarily not issue until at least 52 days after the decision, the district court's preliminary injunction thus remains in place despite this Court's vacatur of portions of that injunction as an abuse of discretion.

2. This Court is authorized to shorten the time for issuing the mandate. Fed. R. App. P. 41(b). In this case, where "Plaintiffs have not shown how the Government's internal review of its vetting procedures will harm them," and those "internal determinations * * * do not have an obvious relationship to the constitutional rights at stake or statutory conflicts at issue here," Slip Op. at 71, there is no reason to leave the overturned portions of the preliminary injunction in place while awaiting issuance of the mandate in the ordinary course. This Court should issue the mandate immediately so that the decision concerning the vacated

3

portions of the injunction can take effect and the government may then implement those provisions of the Executive Order that the Court held do not harm Plaintiffs and do not implicate their constitutional rights or statutory interests.

3. Government counsel contacted plaintiffs' counsel on June 13, 2017. Colleen Roh Sinzdak, counsel for plaintiffs, indicated that they consent to the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, this Court should immediately issue the mandate in the above-captioned matter.

Respectfully submitted,

   /s/ H. Thomas Byron III
H. THOMAS BYRON III
(202) 616-5367
Attorney, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7529
Washington, D.C. 20530

JUNE 2017

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font. I further certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) and this Court's Cir. Rule 27-1(1)(d) because it contains 601 words, according to the count of Microsoft Word.

/s/ H. Thomas Byron III<br>
H. Thomas Byron III

## CERTIFICATE OF SERVICE

I certify that on June 13, 2017, I electronically field the foregoing motion to issue the mandate by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

        /s/ H. Thomas Byron III
        H. Thomas Byron III